## ROWE v. ROWE.
### No. 3719.

Court of Civil Appeals of Texas. El Paso.
July 7, 1938.

Rehearing Denied Aug. 12, 1938.

Allen & Allen, of Dallas, for appellant.

Bromberg, Leftwich, Carrington & Gowan, of Dallas (Benjamin G. Habberton and W. C. Gowan, both of Dallas, of counsel), for appellee.

HIGGINS, Justice.

This is a companion case to Bertha Raub v. Clara Rowe, 119 S.W.2d 190, this day decided by this Court. The only difference in the two cases arises out of the allegations with reference to the relationship of the appellant and appellee and the circumstances surrounding appellant's becoming a passenger in appellee's car for the purpose of making the trip from Dallas to Raymondville and return. The second paragraph of the petition in the present case reads as follows:

"For cause of action herein plaintiff respectfully shows to the Court that heretofore, to-wit, on or about the 17th day of April, 1935, the defendant, Miss Clara Rowe, Miss Edna Rowe and Mrs. Raub, desiring to visit a relative, Ella Thompson, residing in the City of Raymondville, Texas, requested and invited this plaintiff to accompany them. That the defendant, Miss Clara Rowe, Miss Edna Rowe and Mrs. Raub were hesitant to make an automobile trip from Dallas to Raymondville, Texas and back by themselves, unaccom-

panied by a man; that they are the aunts of this plaintiff and requested that he accompany them upon said journey to the City of Raymondville and return to Dallas to assist them when and upon such occasion as assistance might be necessary, thereby the avoiding of the necessity of the three women making such a journey alone and unaccompanied, and that the plaintiff agreed to accompany his aunts upon the said journey and, particularly the defendant, Clara Rowe."

The petition does not allege any agreement on the part of the plaintiff to pay any part of the expenses of the trip.

The difference noted does not affect the question at issue, and for the reasons stated in the opinion handed down in Raub v. Rowe, supra, the general demurrer to the petition was properly sustained. The judgment of dismissal is therefore affirmed.