Sue Bright JAMESON, Appellant,

v.

Wayne Leo SIBERT et al., Appellees.

No. 6560.

Court of Civil Appeals of Texas.

Beaumont.

April 23, 1964.

Rehearing Denied May 20, 1964.

after referred to as "Defendant Kennedy", the driver of the automobile in which plaintiff was riding, and also against the estate of the driver of the second automobile involved in the collision. At the close of plaintiff's testimony, a verdict was directed in favor of such estate. The testimony was completed, and judgment rendered by the court upon the answers of the jury to the special issues, for the defendant Kennedy.

Plaintiff alleged she was an "occupant" in the automobile driven by her sister, and that her sister was guilty of certain acts of negligence, which acts also constituted gross negligence. Neither plaintiff nor the defendant driving the car in which she was riding specifically mentioned Art. 6701b, which is commonly referred to as the "guest statute".

The jury found the defendant Kennedy guilty of certain acts of ordinary negligence, and not guilty of any acts constituting gross negligence. The jury also answered "No" to the following special issue:

"Special Issue No. 34

"Do you find from a preponderance of the evidence that the plaintiff, Sue Bright Jameson, expressly or impliedly, agreed to pay a consideration to the defendant, Harriett Bright Kennedy, for the transportation from the family reunion to the City of Nacogdoches on the occasion in question?

"Answer 'YES' or 'NO'

"Answer No .

"By the term 'Pay a consideration' as used in the foregoing issue is meant the payment of a real and tangible benefit in return for the ride other than some exchange of a reciprocal measure of hospitality, a social amenity or courtesy or the performance of some service in pursuit of a common pleasure or family purpose."

McDaniel, Hunt & Fairchild, Center, for appellant.

Garrison, Renfrow, Zeleskey, Cornelius & Rogers, Lufkin, Baker, Botts, Andrews, & Shepherd, Houston, Ramsey, Ramsey & Smith, San Augustine, for appellees.

STEPHENSON, Justice.

This is an action for damages arising out of an automobile collision. Plaintiff was a passenger in one of the automobiles, and brought this suit against her sister, herein-

The parties will be referred to here as they were in the trial court.

■ Plaintiff contends the trial court erred in rendering a judgment for the defendant Kennedy which was not supported by the verdict of the jury. It is argued that special issue No. 34, above, is meaningless, and that there is no finding by the jury that plaintiff was a "guest". Plaintiff also contends the trial court should not have submitted special issue No. 34 because the defendant had not plead such statute as a defense. The guest statute is not an affirmative defense which must be plead by a defendant. It is a law affecting the substantive rights of all litigants. In order to state a cause of action, it was incumbent upon the plaintiff to either plead she came under the exception to the guest statute, that is, that she was not a guest as contemplated by this statute, or that she was a guest and that defendant was guilty of acts of gross negligence. Napier v. Mooneyham, Tex.Civ.App., 94 S.W.2d 564; Rowe v. Rowe, Tex.Civ.App., 119 S.W.2d 194.

The evidence showed the plaintiff and the sister driving the automobile in which plaintiff was riding, had been to a family reunion near Bronson, Texas, and were driving to Nacogdoches, Texas. The plaintiff intended to spend a few days in the home of this sister, and assist in the care of their mother.

There was no tangible benefit flowing to the driver of the automobile sufficient to operate as the motivating consideration for plaintiff's transportation in the Kennedy automobile. The willingness of the plaintiff to assist her sister in the care of their mother was not intended as a means of earning her transportation in the Kennedy automobile. Easter v. Wallace, Tex.Civ. App., 318 S.W.2d 916.

■■ The burden of proof was upon the plaintiff to establish by a preponderance of the evidence the relationship of joint enterprise, or else she would occupy the status of her sister's guest. Webb v. Huffman,

Tex.Civ.App., 320 S.W.2d 893. This the plaintiff failed to do.

■ Plaintiff also complains of the action of the trial court in withdrawing that part of the case from the jury and rendering judgment for the estate. The trial court could take such action only if there was no evidence to sustain a finding of negligence or proximate cause on the part of the driver of the second automobile. This is a question of law to be determined by considering only the evidence which would have supported such findings, and disregarding all other evidence. This collision occurred when the driver of the automobile in which plaintiff was riding pulled into the left lane of the highway as going up a hill, and ran into the second automobile in such left lane just over the crest of the hill. A review of the testimony shows no evidence of negligence on the part of the driver of the second automobile, and no evidence that any act or omission on the part of the driver of such second automobile could have been the proximate cause of the collision. Baumler v. Hazelwood, 162 Tex. 361, 347 S.W.2d 560.

Judgment affirmed.