**Clinton FULLER, Appellant,**

v.

**C. B. WAINWRIGHT et ux., Appellees.**

**No. 5812.**

Court of Civil Appeals of Texas.

El Paso.

April 26, 1967.

Rehearing Denied May 24, 1967.

Ben A. Endlick, El Paso, for appellant.

Hardie, Grambling, Sims & Galatzan and Malcolm Harris, El Paso, for appellees.

## OPINION

PRESLAR, Justice.

This is a suit for injuries sustained by a passenger in an automobile against the driver thereof which resulted when the automobile collided with a utility pole. At the conclusion of the plaintiff's evidence, when he had rested his case, the court instructed the jury to return a verdict for the defendant. Plaintiff (appellant) is the husband of the passenger, Lula Fuller, and the driver-defendant, Valerie Wainwright, and her husband are appellees.

Plaintiff's cause of action is based on three allegations: That the driver-defendant (1) negligently, carelessly and recklessly ran into a pole; (2) negligently, carelessly and recklessly operated her car at an excessive rate of speed under the circumstances; and (3) negligently, carelessly and recklessly attempted to make a turn when the car was going at too great speed. In addition to a general denial, defendants pleaded the "guest statute", Article 6701b, Vernon's Ann.Revised Civil Statutes of the State of Texas, as a bar to any recovery. In reply to defendant's plea of Article 6701b, plaintiff filed a supplemental petition alleging simply that plaintiff's wife was not a guest in defendant's car within the meaning of said Article, and that said Article was not applicable to this case.

The evidence is that Mrs. Fuller and Mrs. Wainwright were employed at the same place of business, and that for the past year and a half they had been riding to work together two or three times a week. Most of the riding was done in Mrs. Fuller's car, and only on three or four occasions had the defendant, Mrs. Wainwright, taken her car. She resided nearer the place of employment, so that on the occasions when she drove, Mrs. Fuller

would come to her house in her own car. There was no prior arrangement as to who would drive. On the morning of the accident, Mrs. Fuller arrived at the Wainwright's in her car, but parked it and went with Mrs. Wainwright at her request. Neither ever paid any money to the other for the rides, and neither ever shared the other's automobiles expenses. There is evidence of lunches being bought, but both ladies testified that the number each bought for the other was about equal, although Mrs. Wainwright testified she felt like she should buy Mrs. Fuller's lunch because she rode with her so much.

Article 6701b provides:

"No person transported over the public highways of this State by the owner or operator of a motor vehicle as his guest without payment for such transportation, shall have a cause of action for damages against such owner or operator for injuries, death or loss, in case of accident, unless such accident shall have been intentional on the part of said owner or operator, or caused by his heedlessness or his reckless disregard for the rights of others."

Appellant did not plead such acts of negligence as required by the statute, and in his brief before this court appellant quite candidly admits that only ordinary negligence on the part of the driver is established, and that he does not contend that gross negligence is involved. His position is that he has a cause of action against the driver outside of the guest statute; that there are two theories under which he can recover, the first theory being that the occupant-plaintiff paid for her transportation within the meaning of the statute, and the second being that a joint enterprise or venture existed.

■ We are of the opinion that plaintiff was not entitled to go to the jury on the theories now urged, for neither was pleaded, and there is no contention that the issues were tried by consent, nor were trial amendments proffered. As indicated above, plaintiff's pleadings contained no allegations of gross negligence to take it out of the guest statute, and there was no pleading of the two theories now urged as making the guest statute inapplicable. In order to state a cause of action, it was incumbent on plaintiff to plead that his wife was not a guest as contemplated by the guest statute, or that she was a guest and the driver-defendant was guilty of acts of gross negligence. Jameson v. Sibert, Tex. Civ.App., 379 S.W.2d 86; ref. n. r. e.; Napier v. Mooneyham, Tex.Civ.App., 94 S.W.2d 564; Rowe v. Rowe, Tex.Civ.App., 119 S.W.2d 194, err. ref. In Rowe v. Rowe, supra, this court upheld the sustaining of a demurrer to the plaintiff-guest's petition for failing to allege that the guest was a passenger for hire. The case was stronger than the one before us, for it set forth compensation in the form of services in the event of car trouble, while the petition before us is entirely silent as to compensation. Likewise, in a case by this court, Raub v. Rowe, Tex.Civ.App., 119 S.W.2d 190, error refused, the sustaining of a demurrer and dismissal of the cause was upheld where the payment for hire was alleged to be the guest's payment of her proportionate share of the operating expenses of the automobile in which she was riding.

■ We are further of the opinion that the evidence did not warrant submission of either of the two theories urged by the plaintiff-appellant, even if it could be assumed that they were tried by consent. In Dietrich v. F. R. Young Company, 400 S.W.2d 572, err. ref. n. r. e., the court stated:

"In Burt v. Lochausen, 1952, 151 Tex. 289, 249 S.W.2d 194, the Supreme Court quoted with approval the language used by the Court of Civil Appeals in such case [244 S.W.2d 915, 917] as follows:

"'The rule established by the authorities everywhere seems to be, to remove a case

from the provisions of such (guest) statutes a definite relationship must be established and a definite tangible benefit to the operator shown to have been the motivating influence for furnishing the transportation. * * *' "

The payment for lunches and the fact that the driver was required to have a licensed operator with her do not suggest a tangible benefit to the driver, Mrs. Wainwright, which was the motivating influence for her furnishing Mrs. Fuller a ride, under the facts and circumstances presented.

The court was correct in granting the instructed verdict. The judgment is affirmed.