Bobbie HUTCHESON, Appellant,

v.

ESTATE of Billie Sue SE'CHRIST, deceased, Appellee.

No. 8076.

Court of Civil Appeals of Texas, Amarillo.

Oct. 19, 1970.

Rehearing Denied Nov. 16, 1970.

A. W. Salyars, Lubbock, for appellant.

Morehead, Sharp, Tisdel & Gibbins and Bob Gibbins, Plainview, for appellee.

DENTON, Chief Justice.

This is a suit by Bobbie Hutcheson for personal injuries against the administrator of the estate of Billie Sue Se'Christ resulting from a one-car accident. Miss Hutcheson was a passenger in the automobile owned and being driven by Miss Se'Christ when the automobile overturned. Miss Se'Christ was killed in the accident, and Miss Hutcheson was seriously injured. The trial was to a jury and resulted in a judgment that plaintiff take nothing. Plaintiff below brings this appeal.

The primary question to be determined is whether or not the testimony of Miss

Hutcheson, the occupant of the automobile in this suit against the administrator of the estate of the deceased owner, is prohibited by the Dead Man's Statute, Article 3716, Vernon's Ann.Civ.St. from testifying to the conduct and actions of the deceased and conversation between the deceased and the appellant immediately prior to the accident. The trial court sustained the defendant's motion in limine based upon Article 3716 to prohibit counsel for plaintiff from questioning plaintiff concerning the conduct of the deceased, Billie Sue Se'Christ, and the conversation between the two immediately prior to the accident.

The trial court permitted the testimony of the investigating highway patrolman who testified to the physical evidence he observed at the scene; the testimony of the plaintiff relative to her background and employment; her testimony that she was in the deceased's car when it overturned; that the plaintiff was not driving the car at the time it overturned or at any time that night; and that there were no other passengers in Miss Se'Christ's car except the plaintiff and Miss Se'Christ. Miss Hutcheson was further permitted to testify fully concerning her injuries and medical treatment. Interrogatories of two treating physicians were also offered into evidence. In answer to special issues, the jury found Miss Se'Christ failed to keep a proper lookout; was driving at an excessive rate of speed; that she drove the vehicle into the curve of the highway at an excessive rate of speed; that she failed to slow the speed of the vehicle in time to avoid overturning the vehicle; that she failed to apply the brakes in time to avoid overturning the vehicle. However, the jury found that none of those acts or omissions was done in heedless and in reckless disregard of the rights of plaintiff. The jury further found the occurrence was not an unavoidable accident. Damages and medical and hospital expenses were awarded, but no exemplary damages were found.

We are of the view the present case is governed by the recent Supreme Court case of Grant v. Griffin, 390 S.W.2d 746 (Tex.Sup.Ct.1965). There it was held the testimony of an invited guest in an automobile, describing the conduct of the deceased driver, his statements, and his driving and speed of the automobile was properly excluded in passenger's personal injury action against the driver's estate for injuries sustained in a one automobile accident in which the driver was killed. However, appellant here would distinguish this case from the Grant case on the basis the present case involves an administrator who is a mere nominal party, and no judgment could be rendered for or against him in his capacity as administrator. The argument is Billie Sue Se'Christ, the deceased, left no estate and no debts were owed by the estate. It is undisputed the deceased was protected by a liability insurance policy. It is appellant's position that this liability policy protects the estate from being affected by the judgment appellant seeks here; and that under such circumstances the Dead Man's Statute does not apply. We do not agree.

■ This suit was brought against Frank Stovall as the temporary administrator of the estate of Billie Sue Se'Christ. It is not shown that the estate has been fully administered. The administrator timely filed an answer in the present case, and was represented by counsel in the trial of the cause. Although the liability insurance policy was not placed in evidence, we assume for all purposes here one was in effect. Even so, the insurer was not a proper party to the suit, and could not have been made a party over its objection. Kuntz et al. v. Spence (Tex.Com.App.) 67 S.W.2d 254; Utilities Insurance Co. v. Montgomery (Tex.Com.App.) 134 Tex. 640, 138 S.W.2d 1062 (Opinion Adopted). The insurance policy does not bind the insurer for primary liability to an injured party, but its liability is contractual. It creates indemnity as distinguished from liability insurance. It contemplates that the insured must be liable to the injured person and that this liability must be estab-

---

lished by judgment against the insured or the executor or administrator as in this case before the insurer can be held liable. Bluth v. Neeson, 127 Tex. 462, 94 S.W.2d 407; American Indemnity Co. v. Martin, 126 Tex. 73, 84 S.W.2d 697. It cannot be argued that Miss Hutcheson, plaintiff below, does not have a real interest in this case. She received serious personal injuries in the automobile turn over, and for such injuries she seeks a judgment against the estate of the deceased driver. Any judgment she might receive in this case must be against the administrator of the estate of Billie Sue Se'Christ, and not the insurer of the deceased. The size and extent of the deceased's estate is not a material factor in determining the availability of the rule of evidence referred to as the Dead Man's Statute. We, therefore, conclude the trial court did not err in excluding the testimony of appellant in regard to the actions and conduct of the deceased.

Finally, appellant contends the trial court erred in holding as a matter of law that appellant was a guest under Article 6701b, V.A.C.S., and for its refusal to submit requested special issues inquiring of ordinary acts of negligence on the part of the deceased.

The burden was on appellant prove all elements of her cause of ac⁴ Brown v. Seltzer (Tex.Civ.App.) 4⁷ W.2d 671 (ref. n. r. e.). As an elem a passenger case when a party s· driver of an automobile, he must ͼ he was not a guest as contemʃˊ guest statute or that the drivͼ of gross negligence. Fuller v. (Tex.Civ.App.) 415 S.W.2d 234 Jameson v. Sibert (Tex.Civ.Apͺ W.2d 86 (ref. n. r. e.). There wͼ dence that appellant Bobbie Hͼ came under any exception to th statute. The testimony from Miss Hͼ son herself shows the motivating caͼ f the trip was mutual pleasure not conne 1 in any way with any business transactiʋn. Both young ladies were "off of work that night, and we decided to go to Lubbock and eat out or maybe go to a show." No arrangement was made between the two as to who would furnish the transportation. Miss Hutcheson testified "I offered to take my car, and she had the better car, so we took her car." Miss Hutcheson paid none of the expenses of operating the deceased's car. Considering only the evidence favorable to appellant, we find that Miss Hutcheson was a guest within the meaning of the guest statute. The trial court properly refused to submit appellant's special requested issues inquiring as to ordinary negligence on the part of the decedent.

The judgment of the trial court is affirmed.