Tracy POOL and Colette Pool, Individually and as Next Friends of Ashley Pool, Deceased, Appellants

v.

Stephen S. DURISH, Receiver for Professional Mutual Insurance Company, Appellee.

No. 3–92–105–CV.

Court of Appeals of Texas, Austin.

Nov. 25, 1992.

Rehearing Denied Feb. 17, 1993.

Thomas J. Griffith, Griffith & Glasheen, P.C., Ralph H. Brock, Lubbock, for appellants.

Stephen W. Harris, Ewbank & Harris, P.C., Walter L. Taylor, Law Offices of Walter L. Taylor, Austin, for appellee.

Before POWERS, ABOUSSIE and B.A. SMITH, JJ.

ABOUSSIE, Justice.

Appellants Tracy and Colette Pool ("the Pools") sued appellee Steven Durish, the appointed Receiver for Professional Mutual Insurance Company ("the Receiver"), after he partially rejected their claim arising from injuries sustained by their child. The Pools claimed that Dr. Robert Maul negligently caused their daughter's injuries and sought recovery against the Receiver as a result of Maul's insurance coverage with Professional Mutual, an impaired insurer. The trial court granted the Receiver's motion for summary judgment. We will affirm the judgment.

The Pools sued Maul and Community Hospital of Lubbock in district court for negligence resulting in the death of their infant daughter, Ashley. Maul had liability coverage under an insurance policy with Professional Mutual. When Professional Mutual went into receivership, Durish was appointed Receiver to handle the impaired company's claims.

After the Pools filed a claim with the Receiver, they settled their negligence action against the insured by entering into a settlement agreement with Maul and the Hospital whereby both were released "from any and all claims." Although the settlement agreement stated that this release would not prevent the Pools from pursuing their claim then pending against the Receiver, in the same paragraph the Pools again expressly agreed to "a full, complete and final discharge and release" of Maul.

The Pools then sued to collect the statutory maximum $100,000 recoverable against the Receiver for a liability claim of this nature. Tex.Ins.Code Ann. art. 21.28–C, § 5(8) (West Supp.1992). The Receiver moved for summary judgment, denying liability on the basis that the Pools no longer had a viable cause of action against the insured because the Pools had released Maul from all liability for his negligence. The trial court granted the motion and

rendered judgment that the Pools take nothing.

The Pools propose five points of error relating to the district court's summary judgment. The first three points challenge whether Maul's release from liability for his negligence prevented recovery against the Receiver.

The standards for reviewing a summary judgment are well established:

1. The movant for summary judgment has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law.

2. In deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the non-movant will be taken as true.

3. Every reasonable inference must be indulged in favor of the non-movant and any doubts resolved in its favor.

*Nixon v. Mr. Property Management Co.,* 690 S.W.2d 546, 548–49 (Tex.1985).

Article 21.28 of the Texas Insurance Code governs claims and suits against receivers appointed to take charge of impaired insurers. Persons having a cause of action against one insured by an impaired insurer may file a claim with the Receiver who may only approve a claim if the claimant "would be able to obtain a judgment upon such cause of action against such insured." Tex.Ins.Code Ann. art. 21.28, § 3(e) (West Supp.1992). The Pools are correct in asserting they have a statutory right of action against the Receiver once he has rejected their claim. Tex.Ins.Code Ann. art. 21.28, § 3(h) (West 1981). The Pools' right of recovery against the Receiver on a rejected claim, however, is dependent upon the viability of their claim against Maul, the insured, and their ability to prove his liability for any injury incurred.

The Pools admit that as a general rule a party who releases an insured from liability retains no cause of action against the insurer. This rule applies because "[t]he insurance policy does not bind the insurer for primary liability to an injured party, but its liability is contractual.... It contemplates that the insured must be liable to the injured person ... before the insurer can be held liable." *Hutcheson v. Estate of Se'christ,* 459 S.W.2d 495, 496–97 (Tex.Civ. App.—Amarillo 1970, writ ref'd). Settlement of all claims against the insured destroys this required link. The Pools submit that the rule does not bar their claim under these facts because they have a statutory cause of action against the Receiver despite the release and, in settling their claim against Maul, they expressly retained the right to pursue their claim against the Receiver, thus limiting their release of Maul. They cite several cases in support of their theory. Careful examination of these cases, however, fails to reveal how the Pools' release reserved any right of action against the Receiver.

In *Brodhead v. Dodgin,* 824 S.W.2d 616 (Tex.App.—Austin 1991, writ denied), the claimant obtained a final judgment against the insured employer of the driver who caused the injury but agreed not to execute on this judgment. The claim against the insured was never released; in the action against the Receiver, the issue of the employee's liability was submitted to the jury.

*Langdeau v. Pittman,* 337 S.W.2d 343 (Tex.Civ.App.—Austin 1960, writ ref'd n.r.e.), involved a release of any liability the insured might have for the *excess* amount over the recoverable limit under the policy. The claimant reserved its right to file suit against the insured for any recovery within the policy limits.

In *Brewer v. Maryland Casualty Co.,* 245 S.W.2d 532 (Tex.Civ.App.—San Antonio 1952, writ ref'd n.r.e.), the injured party obtained a judgment against the insured. In the settlement, this party pledged to release the insured from the judgment *upon the successful disposition of a claim against the insurer.*

None of these cases involve an unconditional release of the insured from liability. The Pools' settlement, however, clearly released Maul from "any and all claims." They conceded this point during oral argument before this court. We may not ignore the unambiguous terms of the settle-

ment agreement in order to reach a result the Pools may have intended.

Because the Pools retained no claim against Maul but instead released him from any liability, they cannot pursue any recovery from his insurer, the Receiver. We overrule the first three points.[1]

In their fourth point, the Pools attack the district court's holding that the settlement agreement released Professional Mutual as well as Maul. Because we hold that Maul's release alone was sufficient to preclude recovery against the Receiver, we need not address this point.

In the Pools' final point of error, they complain that the Receiver did not personally sign the certificate that stated the documents included in his motion for summary judgment were true and correct copies of original records of his office. The Receiver is statutorily empowered to certify copies for such a purpose. Tex.Ins.Code Ann. art. 21.28, § 11(b) (West Supp.1992). The Pools objected to the trial court that Judith Mitchell, the Receiver's duly authorized agent who signed the certificate, had no personal knowledge of the facts alleged. No evidence in the record supports this claim. The Pools now claim on appeal that the Receiver himself was required to sign the certificate. Defects in the forms of affidavits supporting a motion for summary judgment are not grounds for reversal unless specifically pointed out by objection to the trial court. Tex.R.Civ.P. 166a(f). The Pools have not preserved any error on this point; it is accordingly overruled.

The judgment of the district court is affirmed.

---

**1.** This is not an action dealing with the timeliness of filing suit on a rejected claim. Once the claim is correctly filed with the Receiver, he may not be able to assert later at trial all the procedural defenses the insured might have available at the time of the lawsuit. *See Bailey v. Brodhead,* 838 S.W.2d 922 (Tex.App.—Austin 1992, no writ) (Statute of Limitations not available at trial for Receiver if claim filed timely). In this case, the Pools released Maul, the insured party, from all liability; therefore, no substantive ground for recovery against the Receiver remains.