**IMC FERTILIZER, INC., and IMC Fertilizer Group, Inc., Appellants,**

v.

**ANGUS CHEMICAL COMPANY, Appellee.**

No. 01–94–00539–CV.

Court of Appeals of Texas, Houston (1st Dist.).

June 13, 1996.

Mark E. Lowes, Houston, William A. Brewer, Michael J. Collins, Dallas, for Appellants.

Joseph D. Cheavens, Jane N. Bland, Houston, for Appellee.

Before HUTSON–DUNN, ANDELL and PRICE,* JJ.

## OPINION ON REHEARING

FRANK C. PRICE, Justice (Assigned).

We deny appellee's motion for rehearing and motion for rehearing en banc, withdraw our opinion of February 2, 1995, and substitute this opinion in its stead.

This case questions the effectiveness of a liability release that names an insured party but not the insurance carrier. The appellants, IMC Fertilizer, Inc., and IMC Fertilizer Group, Inc. (collectively IMC), appeal a partial summary judgment granted in favor of the appellee, Angus Chemical Company (Angus), which finds that an unnamed liability carrier is not released when the insured is released. In its first two points of error, IMC contends the trial court erred in granting summary judgment for Angus and denying IMC's motion on the same issue. In its third point of error, IMC contends the trial court erred in severing the topic upon which summary judgment was granted.

We reverse the trial court's judgment in favor of Angus and render judgment in favor of IMC.

## Summary of Facts

Angus owns a nitroparaffin plant in Louisiana that is managed by IMC. On May 1, 1991, part of the plant exploded, and hundreds of people sued Angus and IMC in Texas for personal injuries.[1] Angus cross-claimed against IMC, seeking recovery for property damage as well as reimbursement for third-party claims Angus had settled.

On April 1, 1993, Angus and IMC signed a settlement agreement which provided that IMC would pay Angus $180 million over three years. In exchange, Angus released IMC from all claims arising from the May 1, 1991, explosion, except indemnity or contribution arising from third-party claims. The settlement agreement was incorporated into an agreed judgment entered April 23, 1993, in favor of Angus.

On April 22, 1993, Angus filed suit against IMC and its insurers in Louisiana[2] for recovery of its costs relating to third-party claims, among other things. On August 26, 1993, IMC filed suit against Angus in Texas under various theories of recovery, including declaratory judgment on the interpretation of its settlement agreement. Angus counter-claimed in the Texas suit on the same causes of action asserted in its Louisiana suit.

Angus moved for partial summary judgment in the Texas suit on the grounds that the settlement agreement did not release IMC's insurers from any liability because it did not specifically name the carriers. Angus' motion included a second ground addressing IMC's liability for third-party claims. In a separate partial summary judgment not before this Court, the trial court found that Angus had not released IMC from any indemnity or contribution claims regarding third parties, including those settled before the date of the agreement.

In IMC's cross-motion for summary judgment, it agreed that no fact issues existed as to whether the settlement agreement released its insurers. IMC argued that it was entitled to summary judgment as a matter of law because the insurers' liability was derivative of IMC's liability.

The trial court entered partial summary judgment in favor of Angus, finding that, under Texas law, the agreement did not release IMC's insurers. The trial court severed this claim, and IMC appeals the final summary judgment.

---

* The Honorable Frank C. Price, former Justice, Court of Appeals, First District of Texas at Houston, sitting by assignment.

1. The personal injury suits were consolidated in *Roberts v. Ford, Bacon and Davis, Inc.*, No. 91–29720 (190th Dist. Ct., Harris County, Tex., Apr. 23, 1993).

2. In certain circumstances, Louisiana law permits injured parties to sue insurers directly for accidents that occur in Louisiana. LA.REV.STAT. ANN. § 22:655B (West Supp.1994).

### Release of the Insurance Companies

In its first two points of error, IMC contends the trial court erred in (1) denying its motion for summary judgment, and (2) granting Angus' motion for summary judgment. IMC challenges the relief granted in the summary judgment and the trial court's application of Texas law.

### 1. Standard of Review

Summary judgment is proper when the movant establishes there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law. *Nixon v. Mr. Property Management Co.,* 690 S.W.2d 546, 548 (Tex.1985); Tex.R. Civ. P. 166a(c). When the parties do not dispute the facts, we review their cross-motions by determining all legal questions presented. *Guynes v. Galveston County,* 861 S.W.2d 861, 862 (Tex.1993). When two parties file motions for summary judgment and one is denied and the other granted, we may review the denial and render judgment if the appealing party complains of both the granting of the opponent's motion and the denial of its own. *Jones v. Strauss,* 745 S.W.2d 898, 900 (Tex.1988); *Phillips Natural Gas Co. v. Cardiff,* 823 S.W.2d 314, 317 (Tex.App.—Houston [1st Dist.] 1992, writ denied).

### 2. Extent of Relief Granted

IMC claims the summary judgment is based on an issue not presented in the motions and should therefore be reversed. According to IMC, the summary judgment exceeds the relief requested in Angus' motion for summary judgment but fails to satisfy all relief requested in IMC's first amended petition.

The cross-motions for summary judgment are based on a portion of the settlement agreement that states:

ANGUS *releases IMC* and IMCERA Group, Inc. (including their officers, directors, employees, representatives, agents, attorneys, and corporate affiliates) *from any and all claims* asserted, or which could have been asserted, arising out of the May 1, 1991 explosion....

(Emphasis added.) IMC's insurance carriers are not named.

In paragraph 12 of its first amended petition, IMC requested a declaratory judgment that "Angus, having released IMC from any and all claims arising from the incident, has also released IMC's insurers." In contrast, Angus argued in its motion for summary judgment that it was entitled to a declaration that Angus' "release of IMC under the Settlement Agreement ... did not release IMC's insurers."

IMC maintains that Angus' argument is irrelevant because it is limited to whether the insurers are named in the release. IMC contends the proper issue is whether the insurers are released by virtue of IMC's release, regardless of their named or unnamed status. We observe that these opposing arguments reach the same conclusion, albeit via different routes.

The summary judgment order states, in pertinent part:

Under Texas law, within the circumstances of this case, *the Insurers are not released from liability* they may have, if any, for the claims asserted by Angus in the Louisiana action by virtue of the fact that their insureds, IMC Fertilizer, Inc. and IMC Fertilizer Group, Inc., are parties to the releases contained in the Agreement.

(Emphasis added.)

A trial court may not grant summary judgment on an issue not presented in the motion, response, or reply. *Stiles v. Resolution Trust Corp.,* 867 S.W.2d 24, 26 (Tex. 1993); *Cadle Co. v. Matheson,* 870 S.W.2d 548, 549 (Tex.App.—Houston [1st Dist.] 1994, writ denied). Here, the trial court's finding addresses the issue presented by both parties: whether Angus' release of IMC also released IMC's unnamed insurers. We do not find that the trial court granted summary judgment on an issue not presented in the motions.

### 3. Application of Texas Law

Angus argues that the release of an insured party does not release its insurers under Texas law unless they are specifically named in the release. IMC acknowledges

that the settlement agreement fails to mention its insurers but argues that the insurers are nonetheless released because IMC is released and its insurers' liability is derivative of IMC's liability.

■ A contractual release extinguishes the claim or cause of action and bars further recovery. *Dresser Indus., Inc. v. Page Petroleum, Inc.,* 853 S.W.2d 505, 508 (Tex. 1993). Generally, a tortfeasor cannot be released from liability unless specifically named in the release document. *McMillen v. Klingensmith,* 467 S.W.2d 193, 196 (Tex.1971). However, a party who releases a tortfeasor retains no cause of action against the tortfeasor's liability insurer. *Pool v. Durish,* 848 S.W.2d 722, 723 (Tex.App.—Austin 1992, writ denied).

■ The general rule protects claimants from inadvertently releasing their causes of action against unnamed and, perhaps, unknown tortfeasors. *Duncan v. Cessna Aircraft Co.,* 665 S.W.2d 414, 422 (Tex.1984). For example, a third-party claimant who releases a named tortfeasor does not release the unnamed employer of the tortfeasor. *Knutson v. Morton Foods, Inc.,* 603 S.W.2d 805, 806–807 (Tex.1980). Because an agency relationship exists between employer and employee, each is primarily liable for the wrongful act. *White v. Dennison,* 752 S.W.2d 714, 717 (Tex.App.—Dallas 1988, writ denied).

■ An insurance policy is based on contractual liability rather than primary liability. *Pool,* 848 S.W.2d at 723. That is, an injured party does not have a claim against an insurer unless the insured has a legal obligation to pay damages. *Allstate Ins. Co. v. Watson,* 876 S.W.2d 145, 149 (Tex.1994); *State Farm County Mut. Ins. Co. v. Ollis,* 768 S.W.2d 722, 723 (Tex.1989). Therefore, when the injured party releases the insured from liability, it cannot pursue recovery from the insurer. *Pool,* 848 S.W.2d at 724. *See also Home Indem. Co. v. Pate,* 866 S.W.2d 277, 281 (Tex.App.—Houston [1st Dist.] 1993, no writ) (noting that when no cause of action

exists against the unnamed party, its name in the release is irrelevant).

■ Angus maintains that a release must specifically name both the insured and liability carrier and cites *Illinois Nat'l Ins. Co. v. Perez,* 794 S.W.2d 373, 376 (Tex.App.—Corpus Christi 1990, writ denied). In *Perez,* the wife of a deceased employee released the employer *and its insurers* from all claims arising from the death of her husband. *Id.* The court of appeals found that the settlement agreement failed to release the employer's workers' compensation carrier from the obligation to pay the wife for attorney fees on her recovery of its subrogation interest.[3] *Id.*

IMC contends that an employee must specifically release both the employer and workers' compensation carrier because the employee is a party to the contract between the employer and carrier, unlike the third party to the contract between an insured and its liability carrier. *See Aranda v. Insurance Co. of N. Am.,* 748 S.W.2d 210, 212 (Tex. 1988). The *Perez* claimant, however, was neither a workers' compensation claimant nor a liability claimant.

In pursuing attorney fees on recovered subrogation interests, the *Perez* claimant was a party to a contractual arrangement separate from the wrongful death claim, which was properly released. Thus, *Perez* does not apply to cases where the injured party seeks recovery from a liability insurer.

While it is the better practice to specifically name liability carriers in releases of their insureds, it is not necessary under Texas law. *See Pool,* 848 S.W.2d at 724. We find that the trial court erred in granting Angus' motion for summary judgment.

We sustain IMC's second point of error and reverse the summary judgment in favor of Angus.

We further find that the trial court erred in denying summary judgment for IMC. In sustaining IMC's first point of error, we render judgment in IMC's favor on the issue of

---

3. For an explanation of subrogation recovery in the context of workers' compensation, see *Pate,* 866 S.W.2d at 280.

its insurers' liability; that is, IMC's insurers are released from liability to the same extent IMC is released.

## Severance

In its third point of error, IMC argues that the trial court abused its discretion in granting Angus' motion to sever the issue of the insurers' liability from the issue of IMC's liability under the settlement agreement. IMC contends its insurers' liability is interwoven with IMC's liability, and the severance could not create a final judgment.

### 1. Standard of Review

■■■■ The trial court has broad discretion in the severance of cases under Tex.R. Civ. P. 41, which provides, in part, that "[a]ny claim against a party may be severed and proceeded with separately." *Guaranty Fed. Sav. Bank v. Horseshoe Operating Co.*, 793 S.W.2d 652, 658 (Tex.1990). For severance to be proper, (1) the controversy must involve more than one cause of action; (2) the severed cause must be one that would be the proper subject of a lawsuit if independently asserted; and (3) the severed cause does not involve identical, interwoven facts and issues. *Id.; Coppock & Teltschik v. Mayor, Day & Caldwell*, 857 S.W.2d 631, 636 (Tex.App.—Houston [1st Dist.] 1993, no writ). Severance avoids prejudice, furthers convenience and justice, and may be used to make a summary judgment final and appealable. *Coppock & Teltschik*, 857 S.W.2d at 636.

### 2. Interwoven Issues

■■■ IMC argues that the final prong of the test is not met because the liability of its insurers is interwoven with its liability and corresponding claims for reformation, fraud, negligent misrepresentation, and bill of review in the former Texas action.[4] Angus agrees with IMC that there are no fact issues about the insurers' liability and therefore contends that the insurers' liability is a legal question unaffected by any facts raised by the other causes of action.

IMC's claims are alternatives to that portion of the declaratory judgment not before this Court: whether the settlement agreement released IMC from indemnifying Angus for third-party claims. The other causes of action do not address whether the settlement agreement released IMC's unnamed liability carriers.

The extent of IMC's release under the agreement and, derivatively, the extent of the insurers' release, is separate from the issue of whether the agreement can release the unnamed insurers at all. The outcome of the latter issue does not affect the outcome of the former or vice versa. The claims are related but are not interwoven.

We find that the trial court did not abuse its discretion in severing the liability issue from the indemnity issue. *See Cherokee Water Co. v. Forderhause*, 641 S.W.2d 522, 526 (Tex.1982) (permitting severance of a declaratory judgment from a counterclaim for reformation).

### 3. Final Judgment

IMC argues that severance could not create a final judgment because the summary judgment exceeded the relief requested by Angus and failed to address all relief requested by Angus. As discussed above, we find this argument without merit. The order of severance created an appealable final judgment,

We find the trial court did not abuse its discretion in ordering severance and overrule IMC's third point of error.

## Summary

We reverse the trial court's summary judgment in favor of Angus and render for IMC that Angus take nothing.

---

4. A bill of review is an independent action that challenges the validity of the original action. *Amanda v. Montgomery*, 877 S.W.2d 482, 485

(Tex.App.—Houston [1st Dist.] 1994, orig. proceeding). A trial court does not abuse its discretion when it severs a bill of review. *See id.*