# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-01-00138-CV

**Mary E. Woods, Appellant**

v.

**Texas Property and Casualty Insurance Guaranty Association, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 201ST JUDICIAL DISTRICT
### NO. 92-15947, HONORABLE SUZANNE COVINGTON, JUDGE PRESIDING

Appellant Mary E. Woods filed suit against Harold Tisdale, doing business as Bestway Trailer Repair ("Bestway"), and Jerome Rhodes, the driver of one of Bestway's trailers, to recover damages arising out of an automobile accident. National County Mutual Fire Insurance Company ("National") was the insurance carrier for Bestway and Rhodes. National was subsequently placed into receivership, and the Texas Property and Casualty Guaranty Association ("Guaranty Association") intervened in the receivership proceeding to assume its statutory obligation to process covered claims in the National estate. Woods, Rhodes, and Bestway settled their claims. The trial court then rendered summary judgment that Woods take nothing against the Guaranty Association. We will affirm the trial court's judgment.

## BACKGROUND

In August 1984, Woods was injured in an accident in which the vehicle driven by Woods hit an object that fell from a vehicle driven by Rhodes and owned by Bestway. Woods filed

suit against Rhodes and Bestway. National was the insurance carrier for Rhodes and Bestway. In October 1988, National was placed into receivership. Woods subsequently added the receiver for National as a defendant to the suit. In 1994, the Guaranty Association intervened in the receivership proceedings to assume its statutory obligation to process covered claims in the National estate.

In June 1997, Woods settled her claims against Rhodes, Tisdale, and Bestway (the "insured parties") and entered into a settlement agreement entitled "Covenant not to Execute and Assignment." The agreement was signed by Woods and the insured parties. In the agreement, the insured parties admitted to joint and several liability in the amount of $500,000.[1] Woods, in turn, did "hereby fully and finally release, acquit and forever discharge" the insured parties; the agreement provided that it was intended as a "release of all liability" and that the insured parties "shall never be liable . . . for any claim, demand, cause of action, suit or liability of any kind of whatsoever nature." Rather, in the agreement the insured parties assigned to Woods the right to satisfy her claim *exclusively* from the proceeds of any recovery from National or any receiver for National, the Guaranty Association or any other guaranty association that could provide payment, or any affiliate, assignee, or receiver of any of those named entities. Thus, by way of the release and assignment, Woods was not entitled to recover from the assets of the insured parties. Woods and the insured parties, however, were the only parties to the agreement.

The Guaranty Association moved for summary judgment denying liability on the basis that Woods no longer had a viable cause of action against the insured parties because Woods had

---

[1] Although the settlement agreement was executed, the final judgment was never obtained.

released them from all liability in the settlement agreement. In February 2001, the trial court granted the motion and rendered judgment that Woods take nothing.

## DISCUSSION

In a single point of error, Woods challenges whether the language contained in the "Covenant not to Execute and Assignment" prevented recovery against the Guaranty Association.

Article 21.28 of the Texas Insurance Code governs claims and suits against receivers appointed to take charge of impaired insurers. An injured party who has a cause of action against a person insured by an impaired insurer may file a claim with an appointed receiver. The receiver, however, may only approve the claim if the claimant "would be able to obtain a judgment upon such cause of action against such insured." *See* Tex. Ins. Code Ann. art. 21.28, § 3(e) (West Supp. 2001). Woods filed a claim and suit against National's receiver; however, as the statutory successor to certain "covered claims" against the receivership estate of the impaired insurer, the Guaranty Association is a proper party to any pending litigation involving a covered claim. *See* Tex. Ins. Code Ann. art. 21.28-C, § 5(8) (West Supp. 2001) (defining "covered claim"). Accordingly, the Guaranty Association intervened in the receivership proceeding and obtained a summary judgment based on the affirmative defense of release. The Guaranty Association contends that the language contained in the agreement released the insured parties of liability for any cause of action. We agree.

The standards for reviewing a summary judgment are well established: (1) the movant for summary judgment has the burden of showing that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law; (2) in deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the nonmovant is taken as

3

true; and (3) every reasonable inference must be indulged in favor of the nonmovant and any doubts resolved in the nonmovant's favor. *Nixon v. Mr. Prop. Mgmt. Co.,* 690 S.W.2d 546, 548-549 (Tex. 1985).

As a general rule, a party who releases an insured from liability retains no cause of action against the insurer. *Pool v. Durish,* 848 S.W.2d 722, 723 (Tex. App.—Austin 1992, writ denied). This rule applies because "[t]he insurance policy does not bind the insurer for primary liability to an injured party, but its liability is contractual . . . . It contemplates that the insured must be liable to the injured person . . . before the insurer can be held liable." *Id.* (citing *Hutcheson v. Estate of Se'christ*, 459 S.W.2d 495, 496-97 (Tex. Civ. App.—Amarillo 1970, writ ref'd)). The settlement of all claims between Woods and the insured parties destroyed the required link between the liability of the insured parties and the receiver's corresponding responsibility to pay. Woods, however, contends that she retained the right to pursue her cause of action. She contends that the settlement agreement was simply an agreement not to execute the agreed judgment and that she was entitled to satisfy her claim exclusively from the proceeds of any recovery from National or any receiver for National, the Guaranty Association or any other guaranty association that could provide payment, or any affiliate, assignee, or receiver of any of those named entities. Woods and the insured parties, however, were the only parties to the agreement. Neither the receiver nor the Guaranty Association was a party to the agreement. More importantly, in the agreement Woods "hereby fully and finally release[d], acquit[ed] and forever discharge[d]" the insured parties, "release[d the insured parties] of all liability[,]" and provided that the insured parties "shall never be liable . . . for any claim, demand, cause of action, suit or liability of any kind of whatsoever nature." The language of the

4

agreement is unambiguous. Woods retained no claim against the insured parties after she released them from all liability. The "Covenant not to Execute and Assignment" was more than an agreement not to execute an agreed judgment as Woods contends. Rather, the settlement agreement was a complete release that failed to reserve any cause of action against the receiver. *See Horton v. State Dep't of Ins.*, 905 S.W.2d 59, 62 n.1 (Tex. App.—Austin 1995, no writ) (distinguished between cases where some liability retained, simply agreed not to execute on judgment and cases such as present case, where no final judgment obtained and settlement agreement provides for unconditional release of liability of insured). Therefore, Woods cannot pursue any recovery from the receiver or its statutory successor to covered claims against the receivership estate of the impaired insurer, the Guaranty Association.

## CONCLUSION

We overrule appellant's point of error and affirm the trial court's judgment.

---

David Puryear, Justice

Before Chief Justice Aboussie, Justices B. A. Smith and Puryear

Affirmed

Filed: December 6, 2001

Do Not Publish

5