McKENZIE CONSTRUCTION COMPANY v. CITY OF SAN ANTONIO.

No. 7049.   Decided April 20, 1938.
Rehearing overruled May 18, 1938.
(115 S. W., 2d Series, 617.)

*J. D. Dodson,* of San Antonio, *H. R. Sutherland, Kleberg & Eckhardt,* all of Corpus Christi, and *Black, Graves & Stayton,* of Austin, for plaintiff in error.

*T. D. Cobbs, Jr.,* City Attorney, *Templeton, Brooks, Napier & Brown,* all of San Antonio, *Boone, Henderson, Boone & Davis,* and *B. D. Tarlton,* all of Corpus Christi, for defendants in error.

MR. JUDGE HICKMAN delivered the opinion of the Commission of Appeals, Section A.

This is the second time this case has reached this Court. The McKenzie Construction Company, plaintiff in error, sued the City of San Antonio, defendant in error, for certain sums claimed to be due it by the City arising out of a contract alleged· to have been entered into by it and the City for the construction of a dam known as the Olmos Creek Detention Dam.

Upon the first trial of the case in the district court judgment was rendered against the Construction Company based upon a

verdict returned pursuant to the Court's instruction. The theory upon which the instruction was given was that the contract was invalid. The Construction Company appealed to the Court of Civil Appeals, which court reversed and remanded the cause, holding that the contract sued upon was valid. 50 S. W. (2d) 349. An application for writ of error filed in this Court by the City was refused.

On the second trial in the district court the case was submitted to a jury on special issues, and based upon the jury's answers to such issues the trial court awarded the Construction Company a recovery against the City in the sum of $82,157.08, with interest thereon at the rate of eight per cent. from February 24, 1927, until paid.

The City appealed to the Court of Civil Appeals from that judgment, contending, among other things, that the contract sued upon was void because (1) the ordinance accepting the proposal or bid of the McKenzie Construction Company was invalid, (2) the board of commissioners did not approve the bond furnished by the Construction Company for the faithful performance of the contract, and (3) an interlineation was made in the proposed contract before it was signed by the proper parties which rendered the contract invalid and of no effect. The Court of Civil Appeals disposed of the first two contentions above set out by saying that they had been decided against the City on the former appeal and would not again be considered. 88 S. W. (2d) 622.

However, the Court of Civil Appeals in its opinion said: " * * * this court presumed, on the former appeal, that the contract which was executed between A. J. McKenzie, acting for McKenzie Construction Company, and Mayor Tobin was upon the exact form authorized to be executed by the ordinance passed by the board of city commissioners on July 28, 1925, while the present record shows quite the contrary." The Court then held the contract invalid upon the ground that the interlineation was a material alteration thereof and accordingly reversed and rendered the case.

The "interlineation" or "alteration" question arose in the following manner:

Paragraph 14 of the "General Conditions of the Agreement," prior to the interlineation, read as follows:

"14. Losses from Natural Causes.

"All loss or damage arising out of the nature of the work to be done, or from the action of the elements, or from any unforeseen circumstances in the prosecution of the same, or from un-

usual obstructions or difficulties which may be encountered in the prosecution of the work shall be ssutained and borne by the Contractor at his own cost and expense."

It was thought that the above quoted paragraph was in conflict with paragraph 63 of the "Specifications," the pertinent part of which is here quoted:

"63. Concrete—Preparation of Foundation.

" * * * In case that a flood, which the Contractor could not reasonably be expected to control, (rising above elevation 685) should cause foreign materials to be deposited on the foundation the Contractor shall remove same in a satisfactory manner and he shall be paid for such work at cost plus fifteen percent."

Paragraph 11 of the contract provides:

"11. Discrepancies and Omissions.

"It is further agreed that it is the intent of this contract that all work must be done and all material must be furnished in accordance with the best practice, *and in the event of any discrepancies between the plans and specifications, or otherwise, or in the event of any doubt as to the meaning of any portion of the contract, specifications or plans, the Engineer, shall define which is intended to apply to the work.*"

After the proposal or bid of the Construction Company had been accepted by the board of City Commissioners, but before the contract was signed, a conference was held between A. J. McKenzie, president of the Construction Company, John W. Tobin, then mayor of the City, and S. F. Crecelius, flood prevention engineer for the city and the engineer acting for the City under the contract. It was thought that paragraph 14 and 63 of the contract above quoted were in conflict, and Crecelius, pursuant to the power deemed by him to have been given him in paragraph 11 to define the meaning of any portion of the contract, interlined at the end of paragraph 14 the following words: "except damage done by flood to material and work above elevation 685.00."

After the above interlineation was made, and without its having been submitted to the board of City Commissioners for its approval in any manner, the contract was signed by A. J. McKenzie for the Construction Company and by J. W. Tobin for the City.

1 The writer was not connected with this Court at the time the application for writ of error from the first opinion of the Court of Civil Appeals was up for consideration, but is informed by the Court that the question of whether the contract was rendered invalid by the interlineation received mature consideration

and that in refusing the application of the City for a writ of error the Court meant to hold and did hold that the interlineation did not invalidate the contract. This conclusion was arrived at upon two grounds, first, the City Engineer in making the interlineation intended only to exercise the authority which he deemed to be his to construe the contract. No intention was present to change its terms. In so far as the interlineation may have correctly interpreted the contract, there was no alteration at all of its terms. On the other hand, if the engineer exceeded his authority and employed language in the interlineation which on its face would enlarge the rights of the Construction Company and the liabilities of the City, such interlineation should be disregarded.

In the second place the Court was of the opinion that the record established a ratification and confirmation by the City of the contract. No reason is perceived why those questions should again be reviewed and the Court therefore declines further to consider them.

2 It follows that the judgment of the Court of Civil Appeals decreeing the contract invalid, must be reversed. There remains the question of what disposition to make of the case in this Court. An inspection of the brief filed by the City in the Court of Civil Appeals discloses that more than 200 assignments of error are contained therein. Many of those assignments present fact questions on which the judgment of the Court of Civil Appeals is final. This Court has the power to consider some of the assignments filed in the Court of Civil Appeals, but is without power to consider others and therefore without power to enter any judgment finally disposing of the litigation. Should we consider and overrule all assignments of which we have jurisdiction we would still be required to remand the cause to the Court of Civil Appeals for a determination of those assignments over which we have no jurisdiction and the result might be that that Court would sustain one or more of such assignments and thereby render our labors futile. Under such a situation the practice has been established here of remanding the cause to the Court of Civil Appeals for consideration by it of all of the assignments not considered in its former opinion. Inman et al. v. St. Louis S. W. Ry. Co., 288 S. W. 150, (Com. App.); Bowles v. Mitchell, 245 S. W. 74 (Com. App.); Shroyer v. Chicago, R. I. & G. Ry. Co., 111 Texas 24, 226 S. W. 140; Baker v. Fogle, 110 Texas 301, 219 S. W. 450; Scroggins v. City of Harlingen (on rehearing), 131 Texas 237, 114 S. W. (2d) 853.

It is accordingly our order that the judgment of the Court

of Civil Appeals be reversed and the cause remanded to that court for a consideration of all questions except those pertaining to the validity of the contract.

Opinion adopted by the Supreme Court April 20, 1938.

Rehearing overruled May 18, 1938.