EARL PENNY ET AL V. ALLIE FAY O'RAND POWELL ET VIR

No. A-7893. Decided June 21, 1961
Rehearing overruled July 26, 1961
(347 S. W. 2d Series 601)

*Atchley, Russell & Hutchison,* of Texarkana, for Petitioner.

*Jones, Brian & Jones,* of Marshall, and *Robert S. Salmon,* of Linden, for respondents.

MR. JUSTICE HAMILTON delivered the opinion of the Court.

This suit was brought by respondents Allie Fay O'Rand Powell et vir against Earl Penny and Travelers Indemnity Company seeking damages for the death of Sidney Stanton O'Rand, the son of respondent Mrs. Powell. Respondents alleged that deceased was riding in a car owned and operated by petitioner Penny when Penny lost control of the car and collided with a tree. O'Rand was thrown from the car and died as a result of the injuries received. Respondents alleged the negligence of petitioner Penny was the proximate cause of said death. At all pertinent times the respondents and their deceased son and petitioner Penny resided in Texas. The accident resulting in the death of respondents' son occurred in the State of Louisiana.

In joining the Travelers Indemnity Company as co-defendants, respondents specifically pleaded a statute of Louisiana, L.S.A.-R.S. 22:655, known as the Louisiana Direct Action Law, the more pertinent parts of which are as follows:

"* * * The injured person or his or her survivors, hereinabove referred to, or heirs, at their option, shall have a right of direct action against the insurer within the terms and limits of the policy in the parish * * * where the insured or insurer is domiciled, and said action may be brought against the insurer alone or against both the insured and insurer, jointly and in solido, at either of their domiciles or principal place of business in Louisiana. This right of direct action shall exist whether the policy of insurance sued upon was written or delivered in the State of Louisiana or not and whether or not such policy contains a provision forbidding such direct action, provided the accident or injury occurred within the State of Louisiana. * * * * "

Reference may be made to the Court of Civil Appeals opinion, in which the statute is more fully set out. 336 S.W. 2d 224.

Petitioner Travelers Indemnity Company filed a motion to abate the action against it and to dismiss it as a party to the suit. The motion was granted by the trial court, and the prosecution of the suit proceeded against Penny alone. The jury an-

swered all issues in favor of petitioner Penny, and judgment was entered that respondents take nothing. On appeal the Court of Civil Appeals held that the trial court was in error in dismissing the cause as to the petitioner Travelers Indemnity Company, and without passing on other points raised remanded the cause.

1 The sole question before this court is whether the Direct Action Statute of Louisiana is enforceable in Texas in a suit of this nature. The Court of Civil Appeals recognizes as do both parties the well-settled law that matters of procedure are governed by the law of the forum, and further that the courts of each state may determine the matter of a foreign enactment by application of its own rules of construction. Shelton v. Marshall, 16 Tex. 344; Wells v. American Employers' Insurance Company, 5th Cir., 132 Fed. 2d 316.

■ In construing the Louisiana Direct Action Statute we are led to the conclusion that in so far as it provides for joinder of a liability or indemnity insurance company with the insured in tort cases the statute is procedural rather than substantive.

We are compelled to reach that view for the reason that the Supreme Court, under its rule-making powers, has treated the subject matter of the joinder of remedies and joinder of parties as procedural matters and has formulated rules in regard thereto. In fact, Rule 51(b), T.R.C.P., covers in part the same subject matter which is covered by the Louisiana Direct Action Statute, said rule being as follows:

"Rule 51.   Joinder of Claims and Remedies

\*   \*   \*   \*   \*   \*   \*   \*

"(b) Joinder of Remedies. Whenever a claim is one heretofore cognizable only after another claim has been prosecuted to a conclusion, the two claims may be joined in a single action; but the court shall grant relief in that action only in accordance with the relative substantive rights of the parties. This rule shall not be applied in tort cases so as to permit the joinder of a liability or indemnity insurance company, unless such company is by statute or contract directly liable to the person injured or damaged. Amended by order of September 20, 1941, effective December 31, 1941; order of July 26, 1960, effective Jan. 1, 1961."

500

It can be seen from a reading of said rule that same provides for direct action against the indemnitor by permitting the joinder of it with the party primarily liable. However, the rule provides for an exception in tort cases. The Louisiana rule makes no such exception, but specifically provides for a joinder in such cases. Rules 38(c) and 97(f), T.R.C.P., dealing with parties, also prohibit the joinder of a liability or indemnity insurance company in tort cases unless such company is by statute or contract directly liable to the person damaged or injured. Since this court has considered such matters as procedural by making rules covering same, we can see no good reason why we should construe a Louisiana statute covering the same matters as being substantive rather than procedural. Since the insurance contract in question contains a "No Direct Action Clause", and since there is no Texas statute requiring a joinder in this case, the rule forbidding joinder is applicable.

■ While the courts of one state are not bound by the construction placed on the statutes of another state by its courts, it is always well to look to the decisions of that state in construing one of its statutes. The Court of Civil Appeals, in holding that the direct action statute of Louisiana was enforceable in Texas, relied principally on the case of West v. Monroe Bakery, Inc., 217 La. 189, 46 So. 2d 122. We cannot agree with the Court of Civil Appeals that the holding in that case is determinative of the question, even in Louisiana. The latest pronouncements of the Supreme Court of Louisiana are to the effect that the direct action statute is remedial. Home Insurance Co. v. Highway Insurance Underwriters, 222 La. 540, 62 So. 2d 828. In that case the court held that the direct action statute is remedial because it avoids the necessity for recovery from an insured and then subsequently from an insurer. It speaks of the act as being "remedial enlargements and remedies of procedure to better insurance recovery for an injured person." Also, it recognizes that the purpose of the direct action statute is to prevent circuitous actions resulting finally in a suit against the insurer. In fact, the court said: 'The Legislature evidently felt that our courts should not be made to become circumlocution officers winding and unwinding red tape, but felt that the nearest point to a given object was a straight line."

In Churchman v. Ingram, 56 So. 2d 297, the Louisiana Court of Appeals held that the statute merely eliminated the unnecessary burden of first proceeding against the insured and that the right to proceed under the statute against the insurer is purely

a matter involving remedy or procedure designed to effect a reform in remedy and procedure. The court stated:

"* * * * * The direct action provision of the Louisiana statute eliminates an unnecessary and superfluous burden by providing that the injured party may proceed directly against the insurer. Certainly this is purely a matter involving remedy or procedure. * * *

"Impressed as we are with the purpose of the legislation as being designed purely to effect a reform in remedy and procedure, we have no hesitancy in declaring, for this reason, that it has retroactive effect."

In Vowell v. Manufacturers Casualty Insurance Company, 229 La. 798, 86 So. 2d 909, the court said that the direct action statute "is purely remedial and does not affect substantive rights under the contract or impair its obligation." See also Robbins v. Short, 165 So. 512; Lowery v. Zorn, 157 So. 826; Rossville Commercial Alcohol Corporation v. Dennis Sheen Transfer Company, 138 So. 183. Except for West v. Monroe Bakery, Inc., supra, it appears that the decisions of Louisiana are unanimous in construing the direct action statute as being procedural rather than substantive. We have concluded that such case did not involve a conflict of laws and that it has no application here. The question in the West case was the effect of the failure of the insured to give notice to the insurer after the accident occurred.

The Supreme Court of Illinois, in Mutual Service Casualty Insurance Company v. Prudence Mutual Casualty Company, 25 Ill. App. 2d 429, 166 N. E. 2d 316, has recently held that the Wisconsin Direct Action Statute, which for all pertinent purposes is identical to the Louisiana Direct Action Statute, is inapplicable in the State of Illinois on the ground that the Wisconsin statute is procedural only. In a decision of the Supreme Court of Mississippi in the case of Mrs. Virgie Cook v. State Farm Mutual Insurance Company, 128 So. 2d 363, rendered March 27, 1961, it was held that the Louisiana Direct Action Statute was, in so far as Mississippi is concerned, a procedural and remedial act which will not be applied against an insurer under a Mississippi contract in an action arising out of a Louisiana collision.

While there are no Texas cases construing the Louisiana

502

Direct Action Statute, there is a federal case which is on all fours with the instant case, Wells v. American Employers' Insurance Company, 5th Cir., 132 Fed. 2d 316. In that case a personal injury action was filed in Texas, although the accident occurred in Louisiana, and it was specifically held that the Louisiana direct action statute is procedural and that the law of Texas applied.

For the reasons stated, and on the authorities cited, we reverse the judgment of the Court of Civil Appeals and affirm the action of the trial court in dismissing the cause as to petitioner Travelers Indemnity Company.

The Court of Civil Appeals did not pass upon the other points of error in respondents' briefs relied upon by them for reversal of the judgment below, one of which, at least, involved a question of which we do not have jurisdiction. Under this situation, according to our established practice, the cause as to Penny should be remanded to the Court of Civil Appeals for consideration of all points not considered by it in its former opinion. McKenzie Construction Company v. City of San Antonio, 131 Tex. 474, 115 S.W. 2d 617; Schroeder v. Brandon, 141 Tex. 319, 172 S.W. 2d 488; Block v. Aetna Casualty & Surety Company, 159 S. W. 2d 470. It is accordingly so ordered.