Edwin NELMS, Individually and as Next Friend for Mark Nelms, Plaintiffs-Appellants,

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Defendant-Appellee.

No. 72–1276

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

July 6, 1972.

Darrel L. Keith, William C. Meier, Fort Worth, Tex., Lattimore, Campbell, Beadles, Wood & Meier, Fort Worth, Tex., for plaintiffs-appellants.

William B. David, Fort Worth, Tex., William B. David, Estil Vance, Jr., Cantey, Hanger, Gooch, Cravens & Munn, Fort Worth, Tex., for defendant-appellee.

Before JOHN R. BROWN, Chief Judge, GOLDBERG and MORGAN, Circuit Judges.

PER CURIAM:

Appellant, Edwin Nelms, sued appellee insurance company to recover damages allegedly caused when he was bitten by a dog belonging to his grandfather, a Louisiana resident, while appellant was visiting in Louisiana. The action was brought directly against the grandfather's insurer in the federal district court for the Northern District of Texas on the basis of diversity jurisdiction. The trial court dismissed the action after concluding that the applicable conflict-of-laws rules would not allow a direct action against an insurer under the circumstances of this case. We agree with the trial judge's conclusion.

The question of whether or not a direct action against an insurer is permitted is sufficiently determinative of the outcome of a trial that a federal court sitting in diversity jurisdiction must follow state law in making its decision. Erie Ry. v. Tompkins, 1938, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188. Louisiana statutes allow direct actions, while the laws of Texas do not. *Compare*, L.S.A. § 22:655 *with* Texas Rules of Civil Procedure 97. In assessing which of the two competing bodies of law is applicable to this alleged tort, a federal district court sitting in Texas would be required to apply the conflict-of-laws rules of Texas. Klaxon Co. v. Stentor Mfg. Co., 1941, 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477; Griffin v. McCoach, 1941, 313 U.S. 498, 61 S.Ct. 1023, 85 L.Ed. 1481. Texas conflict-of-laws rules would require application of Louisiana law if the relevant Louisiana law would be characterized as "substantive," rather than "procedural." If the right to bring a direct action in Louisiana were characterized as "procedural," then a Texas state court would apply Texas law and dismiss the action.

Appellant argues on appeal that Louisiana state courts, after much in-

consistency, have finally concluded that the Louisiana Direct Action Statute is a "substantive" and not a "procedural" matter. Thus, appellant concludes, a federal district court sitting in Texas must likewise characterize the right to sue an insurance company directly as a matter of substantive concern to the state of Louisiana and must, accordingly, reinstate the instant case. However, appellant misconstrues the issue before this court. A federal district court located in Texas and sitting on the basis of diversity jurisdiction must indeed apply the Louisiana "substantive" law, but only if that Louisiana law is or would be characterized as "substantive" *by the state courts of Texas*. Klaxon Co. v. Stentor Mfg. Co., *supra*. That characterization is a matter for Texas law, not Louisiana law, although Texas courts have examined the characterizations and interpretations accorded by the courts of other states to their own state laws.

The question in this case then becomes: Would a Texas state court, interpreting Louisiana law under applicable Texas conflict-of-laws rules and appropriate Texas substantive law, recognize the right of a Texas plaintiff, who had allegedly been damaged in Louisiana by a Louisiana defendant, to bring a direct cause of action against an insurance company? Texas courts and federal courts applying Texas law have uniformly concluded that direct actions against insurers are, under Louisiana law, "procedural." *See* Wells v. American Employers' Ins. Co., 5 Cir. 1943, 132 F.2d 316; Pennsylvania Casualty Co. v. Upchurch, 5 Cir. 1943, 139 F.2d 892; Pearson v. Globe Indemnity Co., 5 Cir. 1962, 311 F.2d 517; Penny v. Powell, 1961, 162 Tex. 497, 347 S.W.2d 601. We cannot conclude here that the Louisiana cases cited by appellant would convince a Texas state court that these earlier Texas cases were an incorrect interpretation of Louisiana's "substantive" interests in

direct actions. Because the courts have consistently interpreted Texas law to characterize direct actions as "procedural" and have consistently applied the Texas law that forbids such direct actions, the district court was entirely correct in dismissing the instant case.[1] The judgment below is therefore affirmed.

Affirmed.

1. Appellee contended below that direct actions against insurers are so contrary to the public policy of Texas that Texas law would not permit direct actions even if Louisiana law were eventually characterized as "substantive." See Penny v. Powell, supra. We do find it necessary to reach that issue in this appeal.