TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-02-00057-CV






Sandra Catherin Jones, Appellant



v.



CGU Insurance Company, Appellee






FROM THE DISTRICT COURT OF BELL COUNTY, 169TH JUDICIAL DISTRICT


NO. 184,809-B, HONORABLE RICK MORRIS, JUDGE PRESIDING 






 This is an appeal from the district court's dismissal of a pro se, in forma pauperis
lawsuit as frivolous. See Tex. Civ. Prac. & Rem. Code Ann. § 13.001 (West Supp. 2002). Because
we conclude that there is no legal basis authorizing the pro se plaintiff's claims, we will affirm.


FACTUAL BACKGROUND



 Sandra Jones, who is allegedly disabled and indigent, first brought suit pro se against
Crown Prince, Incorporated alleging that she purchased a can of smoked oysters manufactured by
Crown Prince that made her violently ill shortly after she consumed them. She alleged that as a
result of consuming the contaminated food she had to be hospitalized and has required follow-up
medical care. Jones alleged that Crown Prince was strictly liable for the product it placed in the
stream of commerce. She also alleged claims for breach of express warranties and breach of the
implied warranties of merchantability and fitness. She sought recovery of $7500 for her medical
expenses, pain and suffering, and mental anguish, as well as punitive damages. Jones filed an
affidavit of inability to pay costs. She acted pro se throughout this litigation.

 Jones subsequently joined CGU Insurance Company as a party defendant. She alleges
that CGU provided insurance to Crown Prince and refused to pay her claim. Jones alleged that she
was told by Crown Prince that CGU would conduct an investigation and process her claim. 
Thereafter, a claims adjuster from CGU contacted Jones and inspected the smoked oyster can. Jones
forwarded to him copies of her medical bills and doctor's report. Jones alleged that CGU
"acquiesc[ed]" in Crown Prince's introduction of the tainted food into the stream of commerce. 
Additionally, she expressly alleged:


 The Plaintiff asserts that the Defendant, CGU INSURANCE COMPANY had a legal
duty to act in good faith pursuant to UCC § 1-201 (19) General Definition of good
faith and UCC § 1-203 an obligation to act by performance. In addition, to a legal
duty pursuant to UCC § 1-205 to deal fairly in contract. The Plaintiff asserts that the
Defendant, CGU INSURANCE COMPANY, negligently failed to perform and
breached its legal duty, by omitting the merit of her exculpatory evidence to deny her
product liability claim. The Plaintiff asserts that as a consequence of the
Defendant's, CGU INSURANCE COMPANY failure to maintain a professional
standard of care has resulted and netted the Plaintiff to incur and suffer the following
injuries; extreme anxiety in the amount of . . .($20,000.00). . ., future medical care,
special, and punitive damages to be assessed by the said Court. (1)



She later supplemented her pleadings to assert that CGU was vicariously liable for Crown Prince's
damages, and that CGU violated several provisions of the Texas Deceptive Trade Practices Act and
article 21.21 of the Texas Insurance Code. 

 Crown Prince eventually settled with Jones for $2000 and she non-suited her claims
against it. CGU then filed a motion to dismiss Jones's indigent's lawsuit pursuant to section 13.001
of the Texas Civil Practices and Remedies Code as having no basis in law, and therefore, as being
frivolous and malicious. Tex. Civ. Prac. & Rem. Code Ann. § 13.001(a)(1), (2) (West Supp. 2002). 
The district court conducted a hearing on CGU's motion and gave Jones two weeks to supply the
court with any authorities to support her causes of action against CGU. The district court
subsequently dismissed the lawsuit and Jones appeals. CGU filed in this Court a motion for
monetary sanctions for frivolous appeal. See Tex. R. App. P. 45.


DISCUSSION


 We determine whether an indigent's lawsuit was properly dismissed, under section
13.001 of the Texas Civil Practices and Remedies Code, pursuant to an abuse of discretion standard. 
Bohannan v. Texas Bd. of Criminal Justice, 942 S.W.2d 113, 115 (Tex. App.--Austin 1997, writ
denied). Section 13.001(b) provides that when a plaintiff files an affidavit of inability to pay costs,
his or her lawsuit may be dismissed as frivolous if: 


 (1) the action's realistic chance of ultimate success is slight;


 (2) the claim has no arguable basis in law or in fact; or


 (3) it is clear that the party cannot prove a set of facts in support of the claim.




Tex. Civ. Prac. & Rem. Code Ann. § 13.001(b)(1), (2), (3) (West Supp. 2002). (2) The supreme court 
has cautioned courts against dismissing cases based on the first and third grounds of the statute. 
Johnson v. Lynaugh, 796 S.W.2d 705, 706 (Tex. 1990). This essentially leaves only the second
ground as a basis for dismissal, i.e., whether the lawsuit has an arguable basis in law or fact. 
Bohannan, 942 S.W.2d at 115. The test for determining whether the court abused its discretion is
whether it acted without reference to any guiding rules or principles and whether it acted arbitrarily
and capriciously. McDaniel v. Yarbrough, 898 S.W.2d 251, 253 (Tex. 1995); Bohannan, 942
S.W.2d at 115. A trial court's clear failure to properly analyze and apply the law constitutes an
abuse of discretion. McDaniel, 989 S.W.2d at 253. It is an abuse of discretion to dismiss a case
under section 13.001 that arguably has a basis in law or fact. Bohannan, 942 S.W.2d at 115.

 Here, the district court correctly determined that there was no legal basis for Jones
to maintain her lawsuit directly against Crown Prince's liability insurer. Jones is not in privity with
CGU. She is simply a tort claimant against Crown Prince, who has settled with her. CGU owes no
legal duties directly to Jones.

 Texas is not a direct action state. See Penny v. Powell, 347 S.W.2d 601, 603 (Tex.
1961); Nelms v. State Farm Mut. Auto. Ins. Co., 463 F.2d 1190, 1192 (5th Cir. 1972). Under Texas
law, a tort plaintiff generally has no standing to join a tortfeasor's liability insurer directly in the tort
action. Penny, 347 S.W.2d at 603; Util. Ins. Co. v. Montgomery, 138 S.W.2d 1062, 1063 (Tex.
1940); Grasso v. Cannon Ball Motor Freight Lines, 81 S.W.2d 482, 486 (Tex. 1935); Am. Fid. &
Cas. Co. v. McClendon, 81 S.W.2d 493, 496 (Tex. 1935); Moxon v. Ray, 81 S.W.2d 488, 488 (Tex.
1935); Norton v. Caster, 81 S.W.2d 487, 488 (Tex. 1935); Sun Oil Co. v. Employers Cas. Co., 550
S.W.2d 348, 349 (Tex. Civ. App.--Dallas 1977, no writ); see also Wells v. Am. Employers' Ins. Co.,
132 F.2d 316, 317 (5th Cir. 1942). A tort claimant has no direct cause of action against the
tortfeasor's liability insurer until the insured-tortfeasor is adjudged liable to the tort claimant. 
Grasso, 81 S.W.2d at 486; Sun Oil Co., 550 S.W.2d at 349; Pool v. Durish, 848 S.W.2d 722, 723
(Tex. App.--Austin 1992, writ denied); Morris v. Allstate Ins. Co., 523 S.W.2d 299, 301 (Tex. Civ.
App.--Texarkana 1975, no writ); Hutcheson v. Se'Christ, 459 S.W.2d 495, 496-97 (Tex. Civ.
App.--Amarillo 1970, writ ref'd n.r.e.).

 Moreover, a third-party tort claimant has no direct cause of action for extra-contractual liability against a liability insurer at common law, Maryland Ins. Co. v. Head Indus.
Coatings & Servs., Inc., 938 S.W.2d 27, 28 (Tex. 1996); Texas Farmers Ins. Co. v. Soriano, 881
S.W.2d 312, 317 (Tex. 1994) (Texas law "has never recognized a cause of action for breach of the
duty of good faith and fair dealing where the insurer fails to settle third-party claims against its
insured."), or under either the Texas Deceptive Trade Practices-Consumer Protection Act or the
Texas Insurance Code. Allstate Ins. Co. v. Watson, 876 S.W.2d 145, 149 (Tex. 1994) (holding that
third-party liability claimant cannot maintain direct action against defendant's liability insurer under
either DTPA or the Insurance Code); see also Transport Ins. Co. v. Faircloth, 898 S.W.2d 269, 273-74 (Tex. 1995) ( party whose only relationship to insurance policy is seeking policy proceeds is not 
"consumer" under the DTPA).

 Finally, Jones cannot maintain her breach of warranty claims against CGU under
article 2 of the Uniform Commercial Code. CGU is not a manufacturer, supplier, wholesaler, or
seller of smoked oysters and bears no liability in the primary tort suit for its insured's product. 
CGU's only connection with this matter is as a result of its separate indemnity contract with Crown
Prince, to which Jones is a stranger. The UCC warranty provisions that Jones asserts in her
pleadings, sections 2.314 and 2.315, by their express terms apply only to sales of "goods." Id.
§§ 2.314, 2.315 (West 1994). There are no factual allegations in Jones's pleadings that CGU sold
any "goods." Tex. Bus. & Com. Code Ann. § 2.105 (West 1994). There was no sale of "goods" by
CGU in this case. Id. § 2.102 (West 1994) ("Unless the context otherwise requires, this chapter
applies to transactions in goods . . . ."). CGU in this case sold only a policy of liability insurance. 
The sale of an insurance policy does not constitute the sale of "goods" within the meaning of title
2 of the UCC. Bartley v. Nat'l Union Fire Ins. Co., 824 F. Supp. 624, 636 (N.D. Tex. 1992)
(applying Texas law); Elrad v. United Life & Acc. Ins. Co., 624 F. Supp. 742, 744 (N.D. Ill. 1985);
Oxford Lumber Co. v. Lumbermens Mut. Ins. Co., 472 So.2d 973, 978 (Ala. 1975); Nielsen v. United
Servs. Auto. Ass'n, 612 N.E.2d 526, 532 (Ill. Ct. App. 1993), appeal denied, 622 N.E.2d 1012 (Ill.
1993). 


CONCLUSION


 We have reviewed the record carefully and find no legal basis to authorize Jones's
claims against CGU. We agree with the district court that Jones's lawsuit is frivolous. For the
foregoing reasons, we hold that the district court did not abuse its discretion in granting CGU's
motion to dismiss Jones's lawsuit under section 13.001. 

 While we recognize that CGU has incurred expense as a result of Jones's frivolous
lawsuit and this appeal, we do not believe appellate sanctions are appropriate in this case. We see
nothing in the record that tends to disprove Jones's allegations regarding the tainted smoked oysters
or her illness as a result of consuming them. There is no showing that Jones's suit against Crown
Prince was frivolous, and we note that Crown Prince settled with Jones. CGU's motion for sanctions
is denied. 

 The order of the district court is affirmed.



 

 David Puryear, Justice

Before Justices Kidd, Patterson and Puryear

Affirmed

Filed: May 23, 2002

Publish
1. We have quoted her pleading verbatim.
2. The purpose of section 13.001 is to prevent frivolous, abusive lawsuits brought by litigants
who have no financial incentive to refrain from filing baseless litigation. Thomas v. Texas Dep't of
Criminal Justice, 848 S.W.2d 797, 798 (Tex. App.--Houston [14th Dist.] 1993, writ denied).