**Affirmed and Memorandum Opinion filed May 21, 2013.**



In The

# Fourteenth Court of Appeals

---

**NO. 14-09-00866-CV**
**NO. 14-10-00324-CV**

---

**CHRIS THYGESEN AND BRUCE W. DERRICK, DERIVATIVELY ON BEHALF OF CLEARMEDIAONE, INC., AND ITS SHAREHOLDERS,** Appellants

**V.**

**ROBERT F. STRANGE, JR., ROBERT J. VIGUET, JR., AND THOMPSON & KNIGHT, LLP, Appellees**

---

**On Appeal from the 157th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2008-35835**

---

## M E M O R A N D U M   O P I N I O N

This case is a derivative shareholder suit brought by appellants, Chris Thygesen and Bruce W. Derrick, Derivatively on Behalf of ClearMediaOne, Inc. and its Shareholders, against appellees, Robert F. Strange, Jr., Robert J. Viguet, Jr.,

and Thompson & Knight, LLP.  In three issues, appellants contend the trial court erred by rendering a take-nothing judgment on the jury's verdict instead of adjudicating appellants' request for equitable relief as a "Chancellor in Equity under Delaware law."  We affirm.

## I. BACKGROUND[1]

Appellants owned shares in ClearMediaOne, Inc. ("ClearMediaOne"), one of several companies founded and directed by appellee Strange.  Appellee Viguet, through his current law firm, appellee Thompson & Knight (collectively "the lawyer defendants"), and former law firms, has performed legal work over the years for Strange and his companies.  According to appellants, Strange masterminded a fraud on the ClearMediaOne shareholders and the lawyer defendants facilitated the fraud via their alleged representation of Strange and his companies.  Although appellants made numerous allegations regarding appellees' actions, ultimately the jury was asked about appellees' conduct relative to three transactions.

(1) **Discontinuing ClearMediaOne and Starting SecurityComm.**  During its existence, ClearMediaOne experienced financial difficulties.  Strange discontinued operation of ClearMediaOne and formed SecurityComm Group, Inc. ("SecurityComm").  Appellants claim SecurityComm was formed to evade liabilities to ClearMediaOne's shareholders and use its assets for SecurityComm's business without benefit to ClearMediaOne's shareholders.

(2) **Acquisition of Westex.**  SecurityComm acquired a company named "Westex."  Relative to that acquisition, Strange represented to Westex that

---

[1] In their appellate brief, appellants present almost thirty pages of factual background. Because all those facts are not material to our disposition, we present only a brief overview.

SecurityComm had acquired another company named "APT." Appellants allege this statement was false because the APT acquisition had not closed, which contributed to the unraveling of Westex.

**(3) Settlement of the Westex Litigation.** Shortly after the Westex acquisition, conflicts arose and SecurityComm and Strange became involved in litigation with the stockholders, principals, and lenders of Westex. The parties reached a partial settlement whereby SecurityComm and Strange received funds in exchange for releasing their interest in Westex. According to appellants, the funds were improperly distributed to the lawyer defendants under the guise of a payment for legal fees and to Strange as payment under a consulting contract.

Appellants sued appellees for various causes of action and sought actual damages, exemplary damages, and equitable relief. The only issues submitted to the jury concerned alleged breaches of fiduciary duties by Strange and alleged conspiracy in such conduct by the lawyer defendants. The jury found that Strange breached his fiduciary duty to ClearMediaOne with respect to "Discontinuing ClearMediaOne and starting SecurityComm." However, the jury declined to award any damages for this breach or find any harm to ClearMediaOne resulted from malice on the part of Strange. The jury found that Strange did not breach his fiduciary duty to ClearMediaOne with respect to "The acquisition of Westex" or "The settlement of the Westex Litigation." The questions concerning the lawyer defendants, including whether they knowingly participated in a conspiracy to damage ClearMediaOne and whether any such conduct was committed with malice, were conditioned on a finding of damages against Strange. Therefore, the jury did not answer any questions concerning the lawyer defendants.

In their post-trial filing, appellants stated they had previously claimed a jury had no "adjudicative role" in the case although they agreed to the jury sitting in an

"advisory role," to avoid "any issues" concerning the right to trial by jury. Appellees requested the trial court to grant equitable relief, sitting as "a Court of Chancery in Delaware." On September 25, 2009, the trial court signed a final judgment ordering appellants take nothing from appellees.

## II. ANALYSIS

In three issues, appellants contend the trial court erred by (1) failing to apply Delaware law and adjudicate the case as a "Chancellor in Equity under Delaware law," (2) rendering judgment on the jury's verdict because it was advisory only, and (3) violating the "fundamental maxim" that "equity will not suffer a wrong without a remedy" via the actions described in issues one and two. Appellants do not challenge sufficiency of the evidence to support any of the jury's findings. Appellants complain only that the trial court rendered a take nothing judgment on the jury verdict rather than adjudicating their request for equitable relief. Appellants seek equitable relief in the form of rescissory damages and fee forfeiture.

Appellants contend that, under the law of Delaware, as the state of ClearMediaOne's incorporation, the Delaware Court of Chancery has exclusive jurisdiction over all aspects of a claim for breach of fiduciary duty by a corporate fiduciary even when monetary relief is the only remedy. Thus, appellants suggest the jury verdict was advisory only and the trial court, sitting as a Delaware Chancellor in Equity, was required to decide the equitable issues of whether appellees' actions deceived the ClearMediaOne shareholders and fashion a remedy. Therefore, appellants maintain this case has never been properly adjudicated and they have thereby been deprived of an equitable remedy.

We disagree the jury's verdict was advisory only. Appellees properly demanded their right to a trial by jury. In a pre-trial Rule 11 agreement, appellants

4

agreed to a trial by jury. When the trial court entertained objections to the jury charge, appellants did not object to any of the questions. Moreover, when a suit is brought in a Texas state court, procedural matters are governed by Texas law even if the law of another state or federal law governs substantive issues. *See Mitchell v. Missouri–Kansas–Texas R.R. Co.*, 786 S.W.2d 659, 661 (Tex. 1990) (op. on rehearing), *overruled on other grounds by Union Pac. R. Co. v. Williams*, 85 S.W.3d 162, 169 (Tex. 2002); *Penny v. Powell*, 347 S.W.2d 601, 602 (Tex. 1961); *Illinois Tool Works, Inc. v. Harris*, 194 S.W.3d 529, 532 (Tex. App.—Houston [14th Dist.] 2006, no pet.); *In re Wells Fargo Bank Minn. N.A.*, 115 S.W.3d 600, 605 n.7 (Tex. App.—Houston [14th Dist.] 2003, orig. proceeding [mand. denied]). Whether a party is entitled to a jury trial on a particular claim is typically a procedural issue governed by the law of the forum. *Wells Fargo Bank Minn.*, 115 S.W.3d at 605 n.7 (citing Restatement (Second) of Conflict of Laws § 129 (2012)); *see* Restatement (Second) of Conflict of Laws § 129 cmt. a. ("The local law of the forum determines whether a party is entitled to a jury trial on any aspect of his case."); *see also Mitchell*, 786 S.W.2d at 661–62 ("This court has recognized that rules relating to the form, *necessity*, and effect of jury issues are procedural rather than substantive if they do not interfere with a right or defense provided by the F.E.L.A.") (emphasis in original; internal quotations omitted).

Relative to the apportionment of duties between the jury and the trial court when a party requests equitable relief, the Supreme Court of Texas has held: "As a general rule, a jury does not determine the expediency, necessity, or propriety of equitable relief. . . . However, when contested fact issues must be resolved before equitable relief can be determined, a party is entitled to have that resolution made by a jury." *Burrow v. Arce*, 997 S.W.2d 229, 245 (Tex. 1999) (internal quotations

5

omitted). More specifically, with respect to the equitable remedy at issue in *Burrow*, attorney-fee forfeiture, the court continued:

> Thus, when forfeiture of an attorney's fee is claimed, a trial court must determine from the parties whether factual disputes exist that must be decided by a jury before the court can determine whether a clear and serious violation of duty has occurred, whether forfeiture is appropriate, and if so, whether all or only part of the attorney's fee should be forfeited. Such factual disputes may include, without limitation, whether or when the misconduct complained of occurred, the attorney's mental state at the time, and the existence or extent of any harm to the client. If the relevant facts are undisputed, these issues may, of course, be determined by the court as a matter of law. Once any necessary factual disputes have been resolved, the court must determine, based on the factors we have set out, whether the attorney's conduct was a clear and serious breach of duty to his client and whether any of the attorney's compensation should be forfeited, and if so, what amount.

*Id.* at 246. Accordingly, under Texas procedural law applicable in this case, the jury had the exclusive role of resolving factual issues underlying a request for equitable relief, including whether appellees breached fiduciary duties or committed any other misconduct; the court then had the role of deciding whether to order equitable relief based on any jury finding of misconduct. *See id.* at 245–46.

Appellants' brief is devoted to the contention that this case has not been adjudicated because the trial court failed to consider an equitable remedy. We disagree. The trial lasted approximately a week. The jury heard testimony from eight witnesses, as well as arguments of counsel, before rendering its verdict. Appellants then presented their request for equitable relief to the trial court before it signed the judgment. In the judgment, the court ordered that appellants take nothing based on the jury verdict and then recited, "All other relief not expressly granted in this judgment is denied." Therefore, the trial court **did** rule on the request for equitable relief—it denied the request.

6

Appellants did not obtain a jury finding that (1) the lawyer defendants breached fiduciary duties or committed any other misconduct, or (2) Strange breached fiduciary duties or committed any other misconduct relative to the acquisition of Westex and settlement of the Westex litigation. The jury expressly found Strange did not breach his fiduciary duties with respect to those transactions. The requirement that the jury answer questions concerning the lawyer defendants was conditioned on a finding of damages against Strange. Appellants did not object to this conditional submission. Because the jury found no damages against Strange, it did not answer the questions concerning the lawyer defendants. Thus, appellants failed to obtain the factual findings prerequisite to equitable relief on (1) any claims against the lawyer defendants, and (2) the claims against Strange relative to acquisition of Westex and settlement of the Westex litigation.

The jury did find Strange breached a fiduciary duty with respect to discontinuation of ClearMediaOne and formation of SecurityComm, although the jury did not assess any damages and found no malice on the part of Strange. We recognize a jury's refusal to award actual damages for breach of fiduciary duty does not preclude a trial court from ordering equitable relief, such as disgorgement of profits or fee forfeiture, although the fiduciary's mental state and existence of actual damages are factors for the trial court's consideration. *See id.* at 239–240, 246. However, equitable relief is not mandatory because the "the expediency, necessity, or propriety of equitable relief" is committed to the trial court's discretion. *See Wagner & Brown, Ltd. v. Sheppard*, 282 S.W.3d 419, 428–29 (Tex. 2008); *see also Burrow*, 997 S.W.2d at 240–42, 246. Accordingly, a trial court's decision on whether to order equitable relief is reviewed for abuse of discretion. *Wagner & Brown*, 282 S.W.3d at 428–29; *see Illinois Tool Works*, 194

S.W.3d at 532 (stating the applicable standard of review is a procedural matter governed by law of the forum).

However, appellants have not demonstrated the trial court abused its discretion. Specifically, appellants do not present an appellate issue, contending the trial court abused its discretion by denying their request for equitable relief at least on the one transaction for which the jury found Strange breached fiduciary duties. Instead, appellants' complaint is that the trial court failed to adjudicate their request for equitable relief at all and decide the underlying factual and legal issues relative to all the transactions as a Delaware Chancellor in Equity. For instance, in their brief, appellants suggest the trial court was required to treat **all** the jury findings as advisory only, decide for itself that appellees committed misconduct relative to all three transactions, and then order equitable relief:

> The jury answered this question (whether SecurityComm was a "sham to perpetuate a fraud") affirmatively in broad form by finding that [Strange] failed to comply with his fiduciary duty to [ClearMediaOne] in discontinuing [ClearMediaOne] and starting up [SecurityComm]. In pointing this out, Appellants **lay no claim to this verdict**, which Appellants continue to believe was flawed and should not be parsed out by one seeking equity. What is lacking here is a proper adjudication of the case.

(emphasis added).

At some points, appellants request a remand for the trial court to adjudicate their request for equitable relief. At another point, appellants suggest that, because of the trial court's alleged failure to adjudicate their request, we act as the court in equity and order the following relief: rescissory damages in an amount over $2.3 million, allocated pro rata among "innocent shareholders;" and forfeiture of the $244,000.00 obtained by appellees in settlement of the Westex litigation.

8

As discussed above, the trial court has ruled on the request for equitable relief in accordance with applicable Texas law governing the apportionment of duties among the jury and the trial court. On most of appellants' claims, the trial court was precluded from ordering such relief based on the lack of a prerequisite jury finding. We reject appellants' suggestion that the trial court was required, or even authorized, to consider the verdict as advisory only and re-decide factual issues underlying the request for equitable relief. On the other claim, appellants fail to demonstrate the trial court abused its discretion by denying the request for equitable relief. Accordingly, we decline to remand for any further determination or order recovery of the sums urged by appellants.

We overrule appellants' three issues and affirm the trial court's judgment.


/s/     John Donovan
        Justice


Panel consists of Justices Boyce, McCally, and Donovan.