# NO. 12-17-00344-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *DESMOND BRANDON SR., INDIVIDUALLY AND AS NEXT FRIEND TO D.B., JR. AND L.B., MINOR CHILDREN,* | § | *APPEAL FROM THE 392ND* |
| *APPELLANT* | § | *JUDICIAL DISTRICT COURT* |
| *V.* | | |
| *JUSTIN THOMAS IVIE, APPELLEE* | § | *HENDERSON COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

This appeal presents a choice-of-law question that requires the court to determine whether to apply the Louisiana or Texas statute of limitations. The trial court decided that the Louisiana one year statute applied and granted Justin Thomas Ivie's motion for summary judgment. In one issue, Desmond Brandon, Sr., individually and as next friend to D.B., JR. and L.B., minor children, contends the trial court erred in granting summary judgment. We reverse and remand.

## BACKGROUND

On May 1, 2015, on a highway near Boyce, Louisiana, Brandon was stopped in traffic with his two minor children. Ivie failed to stop his vehicle before it crashed into the back of Brandon's car.

Brandon filed suit on May 1, 2017, to recover for personal injuries and property damage sustained in the crash. He filed suit in the county of Ivie's residence and in the State of residence of both Brandon and Ivie. Ivie pleaded limitations and moved for the application of Louisiana

law to questions of liability. On August 8, 2017, the trial court ruled that Louisiana law would govern the substantive law in the case and Texas law would govern all procedural matters.

Ivie later moved for summary judgment contending that Louisiana's one year statute of limitations barred Brandon's suit. The trial court granted Ivie's motion and dismissed Brandon's action, with prejudice, on September 27, 2017. This proceeding followed.

## SUMMARY JUDGMENT

In his sole issue, Brandon contends that the trial court erred by applying Louisiana law to questions regarding the statute of limitations and by granting Ivie's summary judgment motion.

### Standard of Review

A party moving for traditional summary judgment bears the burden of showing that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c). A trial court should grant a defendant's motion for summary judgment if the defendant establishes all the elements of an affirmative defense as a matter of law. *American Tobacco Co., Inc. v. Grimmell*, 951 S. W.2d 420, 425 (Tex. 1997). Once the defendant establishes his right to summary judgment as a matter of law, the burden shifts to the plaintiff to present evidence raising a genuine issue of material fact. *Simulis, L.L.C. v. Gen. Elec. Capital Corp.*, 439 S.W.3d 571, 575 (Tex. App.—Houston [14th Dist.] 2014, no pet.).

We review a summary judgment ruling de novo. *Natividad v. Alexis, Inc*., 875 S.W.2d 695, 699 (Tex. 1994). When reviewing a summary judgment ruling, we must examine the entire record in the light most favorable to the nonmovant, indulging every reasonable inference and resolving any doubts against the motion. *Yancy v. United Surgical Partners Int'l, Inc.*, 236 S.W.3d 778, 782 (Tex. 2007). We credit evidence favorable to the nonmovant if reasonable jurors could do so, and disregard contrary evidence unless reasonable jurors could not. *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009).

### Applicable Law

As a general rule, questions of substantive law are governed by the laws of the state where the cause of action arose, but matters of remedy and procedure are governed by the laws of the state where the action is brought. *California v. Copus*, 158 Tex. 196, 309 S.W.2d 227, 230 (1958). When, however, the statute that creates a right of action incorporates an express

2

limitation upon the time when the suit may be brought, the limitation is considered substantive. *Id*. at 231.

What is a matter of substance and what is a matter of procedure is determined by the law of the forum state. ***Penwell Corp. v. Ken Assoc., Inc.***, 123 S.W.3d 756, 764 (Tex. App.—Houston [1st Dist.] 2003, pet. denied). Under Texas conflict of law principles, courts apply non-4thsubstantive procedural rules of the forum state. *See **Arkoma Basin Exploration Co., Inc. v. FMF Assocs. 1990-A-Ltd***., 249 S.W.3d 380, 387 (Tex. 2008). In Texas, statutes of limitation are procedural. ***Baker Hughes, Inc., v. Keco R&D, Inc***., 12 S.W.3d 1, 4 (Tex. 1999); *see **Ellis v. Great Southwestern Corp***., 646 F.2d 1099, 1111 (5th Cir. 1981).

## Discussion

The collision giving rise to this cause of action occurred in Louisiana. Both Brandon and Ivie reside in Texas. Brandon filed suit on May 1, 2017 within two years of the accident and therefore within the Texas two year statute of limitations, but beyond the one year statute of limitations applicable under Louisiana law.

The trial court ruled on August 8, 2017 that Louisiana substantive law governed the case and Texas law applied to questions of procedure. Nevertheless, on September 27, 2017, the trial court held that the Louisiana one year limitations statute applied and granted Ivie's motion for summary judgment.

Ivie, in his brief, provides an excellent summary of the choice of law alternatives to the prevailing rule applying the law of the forum in procedural questions. He acknowledges that Texas courts, as well as a majority of jurisdictions, apply the statute of limitations of the forum state. Ivie urges that we abandon the mechanical rules of the traditional theory in favor of more flexible choice-of-law methodologies such as the "governmental interest analysis" or the Restatement's "significant relationship." As Ivie notes, these methodologies employ an issue by issue analysis of the relevant policies and interests of each potentially concerned state. The automatic application of the procedural law of the forum, he argues, "does not allow a consideration of the particular facts and circumstances of each case," and "often undermines the interests and policies of the interested states."

Ivie, however, does not explain how, in this case, the application of the law of the forum undermines the interests and policies of the interested states. Nor does he identify particular facts and circumstances that should be considered in this case to avoid undermining those

3

interests and policies. He does not point to an interest or policy undermined by the application by a Texas court of the Texas statute of limitations in a lawsuit between two Texas residents involving a Louisiana collision. Nor does he provide us with an analysis of the relevant policies and interests of each concerned state that would support the substitution of the procedural law of the forum by the more flexible choice-of-law approach he advocates.

As an intermediate appellate court, we are compelled to apply the established Texas law as declared by our supreme court. It appears well settled that Texas courts apply the forum's law for procedural questions. *Penny v. Powell*, 162 Tex. 497, 347 S.W.2d 601, 602 (Tex. 1961); *Arkoma Basin*, 249 S.W.3d at 387; *PennWell Corp*, 123 S.W.3d at 763. Subject to the *Copus* exception identified previously, Texas considers statutes of limitations procedural. *Baker Hughes*, 12 S.W.3d at 4; *see* *Robinson v. Crown Cork & Seal Co., Inc*., 335 S.W.3d 126, 141 (Tex. 2010); *Ellis*, 646 F.2d at 1099. The *Copus* exception does not apply to this case. *See Copus*, 309 S.W.2d at 231. Therefore, the trial court erred in holding that the Louisiana one year statute of limitations barred Brandon's suit against Ivie. We sustain Brandon's sole issue.

## DISPOSITION

Because the trial court erred by granting summary judgment in favor of Ivie, the summary judgment is *reversed* and the cause is *remanded* to the trial court.

**BILL BASS**
Justice

Opinion delivered August 22, 2018.
*Panel consisted of Worthen, C.J., Hoyle, J., and Bass, Retired J., Twelfth Court of Appeals, sitting by assignment.*

(PUBLISH)

4



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**AUGUST 22, 2018**

**NO. 12-17-00344-CV**

**DESMOND BRANDON SR., INDIVIDUALLY AND AS
NEXT FRIEND TO D.B., JR. AND L.B., MINOR CHILDREN,**
Appellant
V.
**JUSTIN THOMAS IVIE,**
Appellee

Appeal from the 392nd District Court

of Henderson County, Texas (Tr.Ct.No. CV17-0201-392)

THIS CAUSE came to be heard on the appellate record and the briefs filed herein, and the same being considered, because it is the opinion of this court that there was error in the judgment of the court below, it is ORDERED, ADJUDGED and DECREED by this court that the judgment be **reversed** and the cause **remanded** to the trial court **for further proceedings** and that all costs of this appeal are hereby adjudged against the Appellee, **JUSTIN THOMAS IVIE,** in accordance with the opinion of this court; and that this decision be certified to the court below for observance.

Bill Bass, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Bass, Retired J., Twelfth Court of Appeals, sitting by assignment.*