**Opinion filed December 18, 2020**



# In The

# Eleventh Court of Appeals

_____

## No. 11-19-00008-CV

_____

## DIXEY EVANS

## V.

## DAVID NELSON JONES, CONNIE JONES, AND JONES DRILLING, INC.

**On Appeal from the 220th District Court**
**Comanche County, Texas**
**Trial Court Cause No. CCCV10-00710**

## M E M O R A N D U M   O P I N I O N

In this dispute over the division of marital property, the trial court granted summary judgment to David Nelson Jones, Connie Jones, and Jones Drilling, Inc., and dismissed the lawsuit filed by Dixey Evans.  For the reasons set forth in this opinion, we reverse and remand this cause to the trial court.

Dixie and David were husband and wife until they divorced in 1988 in New Mexico.  The decree contained provisions as to termination of the marriage

relationship and as to child custody and support, but it did not contain any provisions as to a division of the parties' property.

Dixey and David later reconciled and remarried for a brief period. On November 21, 1989, the 220th District Court in Comanche County, Texas, issued a decree by which that marriage was annulled. In the decree, the trial court found that there was no community property, and it awarded each party that property that was in his or her possession.[1]

There was an abundance of litigation in New Mexico, but much of that litigation involved matters related to the parties' children. However, on April 14, 1994, Dixey filed a "MOTION TO ENFORCE JUDGEMENT AND DETERMINE CHILD SUPPORT AND OTHER RELIEF." Dixey filed the motion in the original New Mexico divorce action. In that motion, Dixey sought relief as to certain child support matters, but she also alleged that "the Final Decree in this mater failed to distribute community assets." She further alleged that, "attached herein is Exhibit A and incorporated herein in full is a copy of all the community assets that the Petitioner is entitled to as a matter of law that should [be] amicably distributed by this Court." In the prayer portion of her motion, Dixey pleaded, "WHEREFORE the Petitioner[] respectfully requests that this Court divide the undivided property herein and award the Petitioner her equal share of her property from the marriage."

In May 1994, in response to Dixey's motion, David filed a motion to quash. In the motion, David asserted that the trial court had neither personal nor subject-matter jurisdiction and that continuing jurisdiction extended only to matters

---

[1]The annulment action was subject to a bill of review proceeding that Dixey filed. The trial court held against Dixey, and she appealed to the Waco Court of Appeals. The Waco court affirmed the order of the trial court. *Evans v. Jones*, No. 10-15-00278-CV, 2016 WL 6808949 (Tex. App.—Waco Nov. 16, 2016, pet. denied) (mem. op.).

involving the children of the marriage. He also alleged that certain matters were pending in Texas that involved the children.

On August 17, 1994, the New Mexico court entered an order on David's motion to quash. The trial court overruled the motion "insofar as issues concerning back child support; division of community assets are concerned." The trial court then ordered "that the Court lacks jurisdiction on issues concerning ongoing child support and custody matters and those matters shall be left with the Texas Courts."

Later, in February 1995, David filed a motion to dismiss in the New Mexico divorce action. In that motion, David alleged that matters pertaining to the division of property should be dismissed because matters that involved property not divided in a divorce must be brought in a separate action.

Over two years later, on November 17, 1997, the New Mexico court entered a "STIPULATED ORDER FOR DISMISSAL." The only thing in the stipulated order that can be considered to be a reference to property is this statement by the trial court: "IT IS THEREFORE ORDERED, ADJUDGED AND DECREED THAT the pending action before this Court is hereby dismissed and jurisdiction of all issues relating to the minor children of the parties *and all other matters between these parties* are herein referred to the 220th Judicial District Court in Comanche County, Texas" (emphasis added).

Although the record before us does not contain the original pleading in this case, it appears that on July 13, 2009, Dixey filed the lawsuit that underlies this appeal. The suit was originally filed in Hamilton County, Texas, and subsequently transferred to Comanche County, Texas.

The record does contain Dixey's Fourth Amended Petition, her live pleading, that she filed on August 31, 2012. Dixey filed a Fifth Amended Petition, but because it was filed without leave of court, the trial court did not consider it in the trial court's consideration of the summary judgment under review in this appeal.

3

In her fourth amended petition, Dixey, in effect, sought a division of the property that belonged to David and her. Dixey also made a claim to proceeds of life insurance policies that had been paid on the lives of two of the parties' sons.[2]

David, Connie, and Jones Drilling, Inc. filed a traditional motion for summary judgment. In the motion, they alleged that Dixey's complaints were barred by the doctrine of res judicata and were also barred by the statute of limitations. The trial court agreed with movants and, on December 14, 2018, entered an order by which it dismissed Dixey's lawsuit, but it did not give the grounds upon which it granted the motion. This appeal followed.

Dixey raises four issues on appeal. As we read her first two issues, Dixey essentially maintains that there has been no division of the parties' property and that the law is such that she is now entitled to have that issue determined in an independent proceeding.

Section 9.203(b) of the Texas Family Code provides:

> If a final decree of divorce or annulment rendered by a court in another state failed to dispose of property subject to division under the law of that state even though the court had jurisdiction to do so, a court of this state shall apply the law of the other state regarding undivided property as required by Section 1, Article IV, United States Constitution (the full faith and credit clause), and enabling federal statutes.

TEX. FAM. CODE ANN. § 9.203(b) (West 2020).

---

[2]Dixey made life insurance claims against Stephanie Elaine Burdette Baxter Jones, as guardian of A.J. (a son of David Jones II, deceased), and Globe Life and Accident Insurance Company. Those parties filed a motion for summary judgment in the trial court, and the trial court granted it. The trial court severed those claims from those involved in this appeal. Dixey appealed that adverse summary judgment to this court, and we affirmed it. *See Evans v. Globe Life & Accident Ins. Co.*, No. 11-13-00092-CV, 2014 WL 5565007 (Tex. App.—Eastland Oct. 31, 2014, no pet.) (mem. op.).

4

New Mexico Statutes, Section 40-4-20(A), addresses situations in which property is not divided in a divorce action:

> The failure to divide or distribute property on the entry of a decree of dissolution of marriage or of separation shall not affect the property rights of either the husband or wife, and either may subsequently institute and prosecute a suit for division and distribution or with reference to any other matter pertaining thereto that could have been litigated in the original proceeding for dissolution of marriage or separation.

N.M. STAT. ANN. § 40-4-20(A).

Texas also provides for the institution of a separate suit to divide property not divided in a decree of divorce or annulment. FAM. § 9.201(a).

Under New Mexico law, property not divided in a divorce proceeding is owned by the parties as tenants in common. *Jones v. Tate*, 360 P.2d 920, 923 (N.M. 1961). The same is true in Texas. *Busby v. Busby*, 457 S.W.2d 551, 554 (Tex. 1970). Therefore, after the parties were divorced in 1988, they held their property as tenants in common and could institute an independent action to divide their property.

David contends that the doctrine of res judicata prevents Dixey from asserting property rights because the property rights could have been adjudicated in prior proceedings.

As a general rule, res judicata requires proof of a prior final judgment on the merits of a claim from a court with appropriate jurisdiction, identity of parties or those in privity with the parties, and a second action that is based on the same claims that were asserted or could have been asserted in the first action. *Amstadt v. U.S. Brass Corp.*, 919 S.W.2d 644, 652 (Tex. 1996). But subsequent suits for the division of property not previously divided in a divorce or annulment decree are different. That is because, as we have outlined above, there is specific statutory authority for the commencement of a subsequent and independent action to divide property not

5

divided in a divorce or annulment suit.  If res judicata were broadly applicable to such suits, the statutes providing for them would be meaningless.

"[A] partition of community property not disposed of in the prior divorce decree is not barred by the doctrine of res judicata." *Yeo v. Yeo*, 581 S.W.2d 734, 736 (Tex. App.—San Antonio 1979, writ ref'd n.r.e).  Res judicata will be a bar "only when the divorce decree has disposed of the asset at issue." *Brown v. Brown*, 236 S.W.3d 343, 348 (Tex. App.—Houston [1st Dist.] 2007, no pet.).

There has been no division of the property that is the subject of this appeal. The original divorce decree did not divide the property.  The subsequent annulment decree did not accomplish a division of the property as is apparent from that portion of the decree in which the trial court found that there was no property that had accumulated other than personal effects.  Neither the New Mexico trial court's order on David's motion to quash nor the order on David's motion to dismiss attempted to divide the property of the parties.  In any event, those orders were entered in the original suit for divorce, not in an independent action, the very thing to which David objected to in his motion to dismiss.  At the time of those orders, the trial court's jurisdiction over property matters *in the divorce suit* (as opposed to an independent action) had expired; it had no authority to make further orders as to a property division except in an independent action as provided for in Section 40-4-20(A).  No independent action as to property was filed until Dixey filed the one that is the subject of this appeal.  Dixey's suit for a property division is not barred by res judicata.[3]  We sustain Dixey's first two issues on appeal.

---

[3]We have previously referred to a bill of review proceeding that was the subject of an appeal to the Tenth Court of Appeals in Waco.  In the opinion in that appeal, the court wrote: "The ownership of the assets of Jones Drilling and other community and separate property was litigated in New Mexico after the decree of annulment." *Evans*, 2016 WL 6808949, at *2.  Based upon the record in this appeal, we respectfully disagree with that statement.

Next, we will determine whether Dixey's claims as to a division of the property of the parties is barred by limitations. Statutes of limitations are procedural in nature. *Robinson v. Crown Cork & Seal Co.*, 335 S.W.3d 126, 141 (Tex. 2010). Matters of procedure are governed by the law of the forum. *Penny v. Powell*, 347 S.W.2d 601, 602 (Tex. 1961). Therefore, the statutes of limitations of Texas are applicable to this proceeding.

Section 9.202(a) of the Texas Family Code provides that lawsuits like this one must be filed before the second anniversary of the date "a former spouse unequivocally repudiates the existence of the ownership interest of the other former spouse and communicates that repudiation to the other former spouse." FAM. § 9.202(a). The summary judgment evidence does not show that, prior to the filing of this lawsuit, there had been an unequivocal repudiation by David that had been communicated to Dixey. To the contrary, David's position in opposition to Dixey's claim has always been procedural, not in the nature of a repudiation of her interests. We sustain Dixey's third issue on appeal.

In her fourth issue on appeal, Dixey references the proceeds of two life insurance policies that were paid after the death of two of Dixey and David's adult children. In her brief, Dixey states, "In the event this court determines that Dixey is entitled to her one-half (1/2) vested interest in property, hereditaments, and gains, Dixey will seek to recover an additional amount equal to one-half (1/2) of the $350,000 paid to Connie Jones, the wife of David." In their motion for summary judgment, David, Connie, and Jones Drilling asserted that Dixey is barred by res judicata from relitigating this issue. We agree that this court previously determined the issue against Dixey. *See Evans*, 2014 WL 5565007, at *4–5. Therefore, to the extent that the trial court granted summary judgment on this matter, it did not err in doing so. We overrule Dixey's fourth issue on appeal.

7

It has been approximately thirty-two years since Dixey and David divorced, and we realize that at some point this case should come to a conclusion. However, on the state of the record before us, that point is not now. Because the summary judgment evidence does not establish that all of Dixey's claims are barred either by res judicata or limitations, we reverse the judgment of the trial court and remand this cause for further proceedings not inconsistent with this opinion.


JIM R. WRIGHT

SENIOR CHIEF JUSTICE


December 18, 2020

Panel consists of: Bailey, C.J.
and Wright, S.C.J.[4]

Willson, J., and Trotter, J., not participating.

---

[4]Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.